UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALI ALKAIFI,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, ET AL.,

                    Defendants.
------------------------------------------------------------------x

**ANSWER TO COMPLAINT**

14 CV 2680 (RJD)(SMG)

JURY TRIAL
DEMANDED

        Defendants The City of New York, Samuel Smithu, Trevor Baronette,, Sude Ramjattam (s/h/a "Sudes"), and Sunil Singh, by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege as follows:[1]

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff has commenced an action as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as set forth therein.

        5.    State that the allegation set forth in paragraph "5" of the complaint is a demand for a jury trial to which no response is required.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue in this district as set forth therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, and that the City maintains a police department and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD, and state that the allegations regarding the City's responsibilities are legal conclusions that do not require a response.

9. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York and that the City maintains a fire department and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYFD, and states that the allegations regarding the City's responsibilities are legal conclusions that do not require a response.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that Eric Monk was employed by the City as a Fire Prevention Inspector on July 8, 2013.

---

[1] The Office of the Corporation Counsel does not represent individual defendant New York City Fire Prevention Inspector Eric Monk.

3

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

12. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Eric Monk was employed by the City as a Fire Prevention Inspector on July 8, 2013.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that Eric Monk was employed by the City as a Fire Prevention Inspector on July 8, 2013, state that the allegations that Monk "was acting under color of state law and within the scope of his employment" are legal conclusion to which no response is required, and admit that plaintiff purports to proceed as set forth therein.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that Samuel Smithu was employed by the City as a police officer on July 8, 2013, and state that the allegation that defendant Officer Smithu acted "in the course of [his] employment and within the scope of [his] authority" is a legal conclusion to which no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that Samuel Smithu was employed by the City as a police officer on July 8, 2013.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admits that Samuel Smithu was employed by the City as a police officer on July 8, 2013, and admit that plaintiff purports to proceed as set forth therein, and state that the allegation that Officer Smithu acted "under color

of state law and within the scope of [his] employment" is a legal conclusion to which no response is required.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff purports to proceed as set forth therein, and state that the allegation that the Baronette, Singh, and Ramjattam (s/h/a "Sudes") acted "under color of state law and within the scope of their employment" is a legal conclusion of law to which no response is required.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff purports to proceed as set forth therein

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that on July 16, 2013 the City received a document purporting to be a Notice of Claim.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that thirty days have passed since the City of New York received the document.

26. Admit the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that that this action was filed on April 29, 2014.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except states that the allegations that Monk was "acting in the scope of his employment and under color of law" are legal conclusions to which no response is required.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admits that Monk was employed by the City as a Fire Prevention Inspector on July 8, 2013.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint, except admit on information and belief on July 8, 2013, Monk was present inside of 292 Nostrand Avenue in Brooklyn.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint, except admit on information and belief that Monk was in uniform when he entered the business at 292 Nostrand Avenue.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, except admit on information and belief that Monk was in an area behind the counter.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint, except admit on information and belief that Monk was in an area behind the counter.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint, except admit on information and belief that Monk was in an area behind the counter.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint, except admit on information and belief that an ambulance arrived in front of the location.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint, except refer to PG 110-56 for a recitation of its contents.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint except admit plaintiff was taken to Brooklyn Hospital.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint, except admit that Smithu arrested plaintiff at Brooklyn Hospital.

68. Admit the allegation set forth in paragraph "68" of the complaint.

69. Admit the allegation set forth in paragraph "69" of the complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph numbered "71" of the complaint except admit on information and belief that plaintiff was arraigned and released on July 9, 2013.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph numbered "72" of the complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

76. Admit on information and belief the allegations set forth in paragraph "74" of the complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint, except admit that Baronette told plaintiff he could not take plaintiff's complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint, except admit that Singh instructed Baronette not to take plaintiff's complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the complaint, except refer to the documents referenced therein for a recitation of their contents.

87. Deny the allegations set forth in paragraph "85" of the complaint.

88. In response to the allegations set forth in paragraph "86" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs.

89. Deny the allegations set forth in paragraph "87" of the complaint.

90. Deny the allegations set forth in paragraph "88" of the complaint.

91. Deny the allegations set forth in paragraph "89" of the complaint.

92. the allegations set forth in paragraph "90" of the complaint.

93. In response to the allegations set forth in paragraph "91" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

94. Deny the allegations set forth in paragraph "92" of the complaint.

95. Deny the allegations set forth in paragraph "93" of the complaint.

96. Deny the allegations set forth in paragraph "94" of the complaint.

97. Deny the allegations set forth in paragraph "95" of the complaint.

98. In response to the allegations set forth in paragraph "96" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

99. Deny the allegations set forth in paragraph "97" of the complaint.

100. Deny the allegations set forth in paragraph "98" of the complaint.

101. Deny the allegations set forth in paragraph "99" of the complaint.

102. Deny the allegations set forth in paragraph "100" of the complaint.

103. Deny the allegations set forth in paragraph "101" of the complaint.

104. Deny the allegations set forth in paragraph "102" of the complaint.

105. Deny the allegations set forth in paragraph "103" of the complaint.

106. In response to the allegations set forth in paragraph "104" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

107. Deny the allegations set forth in paragraph "105" of the complaint.

108. Deny the allegations set forth in paragraph "106" of the complaint.

109. Deny the allegations set forth in paragraph "107" of the complaint.

110. Deny the allegations set forth in paragraph "108" of the complaint.

111. In response to the allegations set forth in paragraph "109" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

112. Deny the allegations set forth in paragraph "110" of the complaint.

113. Deny the allegations set forth in paragraph "111" of the complaint.

114. Deny the allegations set forth in paragraph "112" of the complaint.

115. Deny the allegations set forth in paragraph "113" of the complaint.

116. In response to the allegations set forth in paragraph "114" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

117. Deny the allegations set forth in paragraph "115" of the complaint.

118. State that the allegations set forth in paragraph "116" of the complaint are legal conclusions to which no response is required.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the complaint.

121. Deny the allegations set forth in paragraph "119" of the complaint.

122. Deny the allegations set forth in paragraph "120" of the complaint.

123. Deny the allegations set forth in paragraph "121" of the complaint.

124. Deny the allegations set forth in paragraph "122" of the complaint.

125. Deny the allegations set forth in paragraph "123" of the complaint.

126. Deny the allegations set forth in paragraph "124" of the complaint.

127. Deny the allegations set forth in paragraph "125" of the complaint.

128. In response to the allegations set forth in paragraph "126" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

129. Deny the allegations set forth in paragraph "127" of the complaint.

130. Deny the allegations set forth in paragraph "128" of the complaint.

131. Deny the allegations set forth in paragraph "129" of the complaint.

132. In response to the allegations set forth in paragraph "130" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

133. Deny the allegations set forth in paragraph "131" of the complaint.

134. Deny the allegations set forth in paragraph "132" of the complaint.

135. Deny the allegations set forth in paragraph "133" of the complaint.

136. Deny the allegations set forth in paragraph "134" of the complaint.

137. Deny the allegations set forth in paragraph "135" of the complaint.

138. Deny the allegations set forth in paragraph "136" of the complaint.

139. Deny the allegations set forth in paragraph "137" of the complaint.

140. Deny the allegations set forth in paragraph "138" of the complaint.

141. Deny the allegations set forth in paragraph "139" of the complaint.

142. In response to the allegations set forth in paragraph "140" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

143. Deny the allegations set forth in paragraph "141" of the complaint.

144. Deny the allegations set forth in paragraph "142" of the complaint.

145. Deny the allegations set forth in paragraph "143" of the complaint.

146. Deny the allegations set forth in paragraph "144" of the complaint.

147. Deny the allegations set forth in paragraph "145" of the complaint.

148. Deny the allegations set forth in paragraph "146" of the complaint.

149. Deny the allegations set forth in paragraph "147" of the complaint.

150. In response to the allegations set forth in paragraph "148" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

151. Deny the allegations set forth in paragraph "149" of the complaint.

152. Deny the allegations set forth in paragraph "150" of the complaint.

153. Deny the allegations set forth in paragraph "151" of the complaint.

154. In response to the allegations set forth in paragraph "152" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

155. Deny the allegations set forth in paragraph "153" of the complaint.

156. Deny the allegations set forth in paragraph "154" of the complaint.

157. Deny the allegations set forth in paragraph "155" of the complaint.

158. In response to the allegations set forth in paragraph "156" of the complaint, City defendants repeat the responses set forth in the preceding paragraphs of this answer.

159. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the complaint, except state that that allegations that defendants were "acting . . . within the scope of their employment" is a legal conclusion to which no response is required.

160. Deny the allegations set forth in paragraph "158" of the complaint.

161. Deny the allegations set forth in paragraph "159" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

162. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

163. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

164. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

165. Plaintiff provoked or was at fault for the incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

166. Punitive damages cannot be assessed as against the City of New York and the individual defendants in their individual capacities.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

167. There was probable cause to arrest and prosecute plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

168. Plaintiff failed to mitigate his alleged damages.

### NINTH AFFIRMATIVE DEFENSE

169. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

### TENTH AFFIRMATIVE DEFENSE

170. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

## ELEVENTH AFFIRMATIVE DEFENSE

171. Defendants Smithu, Singh, Baronette and Ramjattam acted reasonably in the proper and lawful exercise of their discretion and have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE

172. At all times relevant to the acts alleged in the complaint, defendants Smithu, Singh, Baronette and Ramjattam acted reasonably in the proper and lawful exercise of their discretion

**WHEREFORE,** defendants the City of New York, Smithu, Singh, Baronette, and Ramjattam request judgment dismissing the complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Date: New York, New York
October 9, 2014

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
Attorney for defendants CITY, SMITHU, SINGH, BARONETTE, AND RAMJATTAM

By: _____*Jennifer L. Koduru*_____

Jennifer L. Koduru
Special Assistant Corporation Counsel
100 Church Street, Room 3-158
New York, New York 10007
Phone (212) 356-3544
jkoduru@law.nyc.gov


TO: Micha Kwasnik, Esq
 Attorney for Plaintiff
 33-39 80th Street, #22
 Jackson Heights, NY 11372 (By ECF)