UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ALI ALKAIFI,

          Plaintiff,

-against-

THE CITY OF NEW YORK,

and
New York City Police Department employees" POLICE OFFICER SAMUEL SMITHU and SEVERAL UNKNOWN JOHN DOES and/or JANE DOES Nos. 1, 2, 3 etc....(whose identities are unknown but who are known to be police officers and employees of the CITY OF NEW YORK),

and
New York City Police Department employees: Sgt. Baronette, Sgt./Lt. Singh, Sgt. Sudes and RICHARD ROE AND/OR JANE ROE Nos. 1, 2, 3 etc....(whose identities are unknown but who are known to be Supervisory police officers and employees for the CITY OF NEW YORK),

and
New York City Fire Department employee: FIRE PREVENTION INSPECTOR ERIC MONK (an employee of the New York City Fire Department and employee for the CITY OF NEW YORK),

and
New York City Fire Department employees: JOHN JONES and/or JANE JONES Nos. 1, 2, 3 etc....(whose identities are unknown but who are known to be supervisory personnel of the New York City Fire Department and employees for the CITY OF NEW YORK),

and
All of the above named individual defendants are being sued both individually and in their official capacities,

          Defendants.

------------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

14-CV-2680 (RJD) (SMG)

**WHEREAS,** plaintiff Ali Alkaifi has sought certain documents and information from defendants City of New York, Samuel Smithu, Trevor Baronette, Sude Ramjattam (s/h/a "Sudes"), and Sunil Singh; and

**WHEREAS,** defendants City of New York, Samuel Smithu, Trevor Baronette, Sude Ramjattam, and Sunil Singh deem this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges; and

**WHEREAS,** defendants City of New York, Samuel Smithu, Trevor Baronette, Sude Ramjattam, and Sunil Singh object to the production of these documents unless appropriate protection for their confidentiality is assured; and

**WHEREAS,** good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiff Ali Alkaifi and the attorney for defendants City of New York, Samuel Smithu, Trevor Baronette, Sude Ramjattam, and Sunil Singh, as follows:

1. As used herein, "Action" shall mean the lawsuit captioned above.

2. "Confidential Materials" shall mean: (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; (b) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by the defendants City of New York, Samuel Smithu, Trevor Baronette, Sude Ramjattam, and Sunil Singh, except that such documents and information shall not be designated "Confidential

Materials" to the extent, and only to the extent, that they: (i) are lawfully obtained by plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"); or (ii) are otherwise publicly available.

3. Neither plaintiff nor plaintiff's attorney shall use the Confidential Materials produced in discovery in the Action for any purpose other than the preparation, or presentation of plaintiff's case in the Action.

4. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of that plaintiff's attorney's office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in the Action.

    b. Disclosure may also be made to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for trial of the Action, to a witness at deposition, or to the Court.

    c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of the Action and not to make further disclosure of the Confidential Materials except in testimony taken in the Action. The signed consent shall be retained by plaintiff's counsel and a copy of the same shall be furnished to defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff's attorney does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5. Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind

the transcript of the designated testimony in a separate volume and mark "Confidential Information Governed by a Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concludes, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Defendants' counsel.

6. If plaintiff objects to the designation of any Confidential Materials as confidential, he shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, plaintiff shall, within 30 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7. If plaintiff seeks to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof, he shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential Materials and shall indicate whether defendants object to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

8. Nothing in this Protective Order shall be construed to limit Defendants' use of their own Confidential Materials in any manner.

9. Within 30 days after the termination of this Action, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, notes, and any other materials containing or referring to information derived therefrom, shall be returned to

defendants' attorneys, or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

10. This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

11. Plaintiff's counsel shall keep confidential for "attorneys-eyes-only" the address, telephone number, social security number, date of birth and other personal information regarding defendants, complaining victims, witnesses, and/or any member of the NYPD identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or her law firm or agents for the purpose of communicating with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, his family members, or other persons, and such information shall not be included documents publicly filed with the Court.

12. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this

Order, including all copies and non-conforming copies thereof, shall not be used by the plaintiff or plaintiff's attorney for any purpose without prior Court approval.

DATED: ~~April~~ May 14, 2015
New York, New York

MICAH KWASNIK
33-39 80th Street, #22
Jackson Heights, New York 11371
(917) 533-6822

By: _____
Micah Kwasnik
*Attorney for Plaintiff*

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
100 Church Street
New York, New York 10007
(212) 356-~~2647~~ 2315

By: _____
~~James F. Horton~~ Noreen M. Stackhouse
Assistant Corporation Counsel
*Attorney for Defendants City of New York, Samuel Smithu, Trevor Baronette, Sude Ramjattam, and Sunil Singh*

SO ORDERED:

_____
HON. STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated __April 16__, __2015__ in the action entitled, <u>Ali Alkaifi v. The City of New York, et al.</u>, 14-CV-2680 (RJD) (SMG), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_April 16, 2015_
Date

_[signature]_
Signature

_Micah Kwasnik_
Print Name

_Attorney_
Occupation