UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civ. Action No. 14 cv 2680
(RJD)(SMG)

------------------------------------------------------------X

ALI ALKAIFI,

                            Plaintiff,

**NOTICE OF MOTION FOR
A DEFAULT JUDGMENT**

        -against-

THE CITY OF NEW YORK,

and
New York City Police Department employees:
POLICE OFFICER SAMUEL SMITHU and SEVERAL
UNKNOWN JOHN DOES and/or JANE DOES Nos.1,
2, 3 etc....(whose identities are unknown but who
are know to be police officers and employees of
the CITY OF NEW YORK),

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP - 3 2015 ★

**BROOKLYN OFFICE**

and
New York City Police Department employees: Sgt.,
Baronette, Sgt.,/Lt. Singh, Sgt. Sudes and RICHARD
ROE and /or JANE ROE Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
Supervisory police officers and employees for the
CITY OF NEWYORK),

and
New York City Fire Department employee: FIRE
PREVENTION INSPECTOR ERIC MONK (an
employee of the New York City Fire Department
and employee for the CITY OF NEWYORK),

and
New York City Fire Department employees: JOHN
JONES and/or JANE JONES Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
supervisory personnel of the New York City Fire
Department and employees for the CITY OF
NEWYORK),

and
All of the above named individual defendants are
being sued both individually and in their official
capacities.

                           Defendants.

------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the accompanying affirmation of Micah Kwasnik, Esq. and memorandum of law and upon all prior proceedings had herein, Plaintiff Ali Alkaifi will move this Court at the United States District Court House, 225 Cadman Plaza, Brooklyn, NY 11201, at such a date and time as the Court may direct for:

(a) a judgment of default against Defendant Eric Monk for failure to serve and file an answer in a timely manner;

(b) that the matter be referred to an inquest to determine damages and

(c) any other relief that the Court deems just and appropriate.

DATE: Queens, NY
September 3, 2015

Micah Kwasnik, Esq. (MK 5150)
33-39 80th St. #22
Jackson Heights, NY 11372
Tel. 917 533-6822
micahkwasnik@yahoo.com

# TABLE OF CONTENTS

PAGE(S)

Affirmation in Support of Motion for a Default Judgment.........................1 & 2

Memorandum of Law in Support of Motion for Default Judgment......3 – 6

Proposed Order.............................................................................................7

# TABLE OF AUTHORITIES

Fed. R. Civ. P. 55........................................................................................11

S.D.N.Y. & E.D.N.Y. L. Civ. R. 55.1.............................................................11

New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)............................11

Vermont Teddy Bear Co. v. 1-800 Beargram Co., ..................................11
373 F 3d 241, 246 (2d Cir. 2004)

10 Moore's Federal Practice, § 55.31[2] (3d ed. 2009)........................12

Pinaud v. County of Suffolk, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995).12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALI ALKAIFI,

                                                    Plaintiff,

            -against-

THE CITY OF NEW YORK,

and
New York City Police Department employees:
POLICE OFFICER SAMUEL SMITHU and SEVERAL
UNKNOWN JOHN DOES and/or JANE DOES Nos.1,
2, 3 etc....(whose identities are unknown but who
are know to be police officers and employees of
the CITY OF NEW YORK),

and
New York City Police Department employees: Sgt.,
Baronette, Sgt./Lt. Singh, Sgt. Sudes and RICHARD
ROE and /or JANE ROE Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
Supervisory police officers and employees for the
CITY OF NEWYORK),

and
New York City Fire Department employee: FIRE
PREVENTION INSPECTOR ERIC MONK (an
employee of the New York City Fire Department
and employee for the CITY OF NEWYORK),

and
New York City Fire Department employees: JOHN
JONES and/or JANE JONES Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
supervisory personnel of the New York City Fire
Department and employees for the CITY OF
NEWYORK),

and
All of the above named individual defendants are
being sued both individually and in their official
capacities.

                                                    Defendants.
-----------------------------------------------------------------X

Civ. Action No. 14 cv 2680
(RJD)(SMG)

**Affirmation in Support of
Motion for a Default Judgment**

MICAH KWASNIK, ESQ. an attorney admitted to practice in the State of New York and before this Court deposes and hereby affirms the following facts subject to penalty of perjury:

1. I am the attorney for the Plainitff Ali Alkaifi in the above captioned matter.

2. I submit this affirmation in support of Plaintiff's motion for a default judgment against Defendant Eric Monk for his failure to answer or otherwise move in a timely manner.

3. Annexed hereto as Exhibit A is a copy of the Complaint and Civil Cover Sheet in this matter.

4. Annexed hereto as Exhibit B is a copy of the Court's ECF Docket Sheet.

5. Annexed hereto as Exhibit C is a copy of the stamped and filed summons for Defendant Monk.

6. Annexed hereto as Exhibit D as copies of the affidavits of service demonstrating that the instant summons and complaint were served upon Defendant Eric Monk.

7. On August 25, 2014 Plaintiff wrote the Court a letter indicating that no defendant had yet filed an Answer. See Exhibit B, Entry No. 13.

8. On August 28, 2014 Defendants were ordered to serve answers upon Plaintiff by Sept. 10, 2014. See Exhibit B. Entry No. 14.

9. On Sept. 10, 2014 NYC Corporation Counsel filed a letter motion asking for an extension of time to answer for all Defendants and notified the Court and Plaintiff that NYC Corporation Counsel would not provide legal

representation to Defendant Monk. Annexed hereto as Exhibit E is a copy said letter motion. Additionally, see Exhibit B, Entry No. 15.

10. On September 16, 2014 the Court ruled that the NYC Corporation Counsel need not represent Defendant Monk and granted all Defendants thirty additional days to file and answer. See Exhibit B, Entry No. 17.

11. On October 15, 2014 the Court granted Defendant Monk's request for thirty additional days to answer. Letter is annexed hereto as Exhibit F. See Exhibit B, Entry No. 19.

12. On March 17, 2015 Clerk of the Court issued a Certificate of Default against Defendant Monk. Certificate of Default is attached hereto as Exhibit G. See Exhibit B, Entry No. 27.

13. The surveillance camera located in the store at 292 Nostrand Ave., Brooklyn, NY recorded Defendant Monk's actions. Video annexed hereto as Exhibit H.

14. As of the date of this affirmation, Defendant Monk has not served or filed an answer or motion in this matter nor has a new request been made for additional time to do so.

DATE: Queens, NY
September 3, 2015

Micah Kwasnik, Esq. (MK 5150)
33-39 80th St. #22
Jackson Heights, NY 11372
Tel. 917 533-6822
micahkwasnik@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ALI ALKAIFI,

                                   Plaintiff,

           -against-

THE CITY OF NEW YORK,

and
New York City Police Department employees:
POLICE OFFICER SAMUEL SMITHU and SEVERAL
UNKNOWN JOHN DOES and/or JANE DOES Nos.1,
2, 3 etc....(whose identities are unknown but who
are know to be police officers and employees of
the CITY OF NEW YORK),

and
New York City Police Department employees: Sgt.,
Baronette, Sgt./Lt. Singh, Sgt. Sudes and RICHARD
ROE and /or JANE ROE Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
Supervisory police officers and employees for the
CITY OF NEWYORK),

and
New York City Fire Department employee:  FIRE
PREVENTION INSPECTOR ERIC MONK (an
employee of the New York City Fire Department
and employee for the CITY OF NEWYORK),

and
New York City Fire Department employees:  JOHN
JONES and/or JANE JONES Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
supervisory personnel of the New York City Fire
Department and employees for the CITY OF
NEWYORK),

and
All of the above named individual defendants are
being sued both individually and in their official
capacities.

                                   Defendants.

-------------------------------------------------------------X

Civ. Action No. 14 cv 2680
(RJD)(SMG)

**Memorandum of Law in
Support of Motion for a
Default Judgment**

Plaintiff by his attorney Micah Kwasnik, Esq., respectfully submits this memorandum of law in support of his motion for a default judgment against Defendant Eric Monk herein for his failure to answer or otherwise move in a timely manner in the instant matter.

## FACTUAL BACKGROUND

1.      At roughly 9:00 AM on July 8th of 2013, Fire Prevention Inspector Eric Monk entered the convenience mart located at 292 Nostrand Avenue, County of Kings, State of New York (hereinafter referred to as "Premises").

2.      Ali Alkaifi and Ali Doe were in the convenience mart working as employees. Ali Alkaifi was working behind the cash register. Ali Doe was working the grill (cookling).

3.      At approximately 9:00 AM Defendant Eric Monk entered the premises.

4.      At 9:21 AM, roughly twenty minutes after Defendant Fire Prevention Inspector Eric Monk had finished his inspection of the range hood, Plaintiff asked Defendant Monk to leave the area he was presently occupying (behind the counter and in front of the grill) as he was interfering with Ali Doe's ability to use the grill and appeared to be on the phone making personal phone calls.

5.      Monk moved towards Plaintiff.

6.      Plaintiff Alkaifi secured his workspace, closing cash register, and faced Defendant.

7.      Defendant Fire Prevention Inspector Eric Monk in a calculated ploy faced Plaintitff and came within striking distance of his face.

8.    Defendant Fire Prevention Inspector Eric Monk raised his right elbow, mid chest level, extended it forward; intentionally executing a "forward elbow strike" landing his right elbow into Plaintiff Alkaifi's face.

9.    The force of the blow caused severe pain, distress and anguish to the area of plaintiffs face and eyes.

10.    Plaintiff instinctively raised his hands in a defensive position.

11.    Defendant Fire Prevention Inspector Eric Monk, not being in any danger of violence and without issuing any warning, then battered plaintiff with his fists, striking plaintiff's face, body and physically seizing plaintiff and causing Plaintiff to suffer severe pain and anguish.

12.    Defendant Monk did then place the Plaintiff in a forward chokehold, lifted the Plaintiff off the ground by his neck.

13.    Plaintiff was then forced to the ground and Defendant Fire Prevention Inspector/Peace Officer Monk kicked him in the chest and head.

14.    Then Defendant Monk chased plaintiff out of the store and the continued his attack on the sidewalk outside of 292 Nostrand Avenue, Brooklyn, New York. Defendant Monk battered the Plaintiff on the sidewalk with his hands and fists.

15.    During the course of the attack Defendant Monk referred to plaintiff Alkaifi as a "NIGGER".

16.    Plaintiff suffered a fracture to the left Sphenoid Bone, periorbital contusions to the left eye, abrasions to face, lump to left temporal area, edema to right eye, and a diminution of vision.

17.    NYPD and ambulances appeared at the scene.

18. Plaintiff Alkaifi was transported to Brooklyn hospital for treatment for his injuries.

19. Prior to his transport the Plaintiff witnessed Defendant Monk converse and communicate with uniformed NYPD Officers and Supervisory Personnel (white shirts) at 292 Nostrand Avenue.

20. Plaintiff Alkaifi was charged with Obstructing Governmental Administration, PL195.05; Menacing, PL120.15; Harassment, PL 240.26 (1).

21. Upon information and belief, the charges were based on maliciously and falsely lodged by one or more of the individual Defendants, including without limitation, Fire Prevention Inspector Eric Monk; for which there was no probable cause and lacking in any legal justification.

22. Defendant Sgt. Sudes, Lt/Sgt. Singh, and Sgt. Baronette approved the filing of the complaint against plaintiff that was devoid of any factual basis alleging probable cause.

23. On July 9, 2013 after spending a night in jail, Plaintiff was arraigned and released on his own recognizance.

24. An "Order of Protection" was issued against victim Alkaifi in favor of the aggressor Fire Prevention Officer Eric Monk

25. On July 22, 2013, the Kings County District Attorneys Office was given a copy of the surveillance video of the assault (AVAILABLE FOR THE COURT).

26. On September 25, 2013, in Part AP6, the charges against Plaintiff were dismissed on motion of the Kings County District Attorney's Office.

27.     Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. First, a plaintiff must obtain a notation of default. Under Rule 55(a), the clerk must enter a notation of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

28.     Under Local Rule 55.1, "[a] party applying for a certificate of default by the clerk pursuant to Federal Rule of Civil Procedure 55(a) shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served." S.D.N.Y. & E.D.N.Y. L. Civ. R. 55.1.

29.     Second, upon obtaining a notation of default, "a plaintiff must next seek a judgment by default under Rule 55(b)." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

30.     The Rule "tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F 3d 241, 246 (2d Cir. 2004)

31.     Rule 55 gives the court discretion to "conduct hearings or make referrals" when, in order to effectuate or enter a judgment, it is necessary to make damages determinations, to establish the truth of allegations, or to investigate any other matter. Fed.R.Civ.P. 55(b)(2).

32.     The factors that guide a court's discretion include the possibility of prejudice

to the plaintiff, the merits of plaintiff's substantive claim, the sufficiency of the

complaint, the sum of money at stake in the action, the possibility of a dispute

concerning material facts, whether the default was due to excusable neglect, and the

strong public policy favoring decision on the merits. See 10 Moore's Federal

Practice, § 55.31[2] (3d ed. 2009); see also Pinaud v. County of Suffolk, 52 F.3d

1139, 1152 n. 11 (2d Cir. 1995) (citing factors from Moore's second edition).

ARGUMENT

33.     The Plaintiff's case is meritorious.  The pleading is clear and all elements of

the causes of action are properly made out in the complaint.  The attached video

demonstrates the truthfulness of the Plaintiffs allegations.  Any further delay will

result in prejudice to the Plaintiff.

34.     Defendant cannot raise any meritorious defenses at this time.  Defendant

Monk has been given repeated opportunities to answer and has failed to do so.

Wherefore, the Plaintiff requests that Court grant it's application for a Default

Judgment against Defendant Monk and the matter be referred for an inquest to

determine damages.


DATE: Queens, NY
        September 3, 2015


Micah Kwasnik, Esq. (MK 5150)
33-39 80th St. #22
Jackson Heights, NY 11372
Tel. 917 533-6822
micahkwasnik@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civ. Action No. 14 cv 2680
(RJD)(SMG)

----------------------------------------------------------------X

ALI ALKAIFI,

**ORDER**

                                        Plaintiff,

        -against-

THE CITY OF NEW YORK,

and
New York City Police Department employees:
POLICE OFFICER SAMUEL SMITHU and SEVERAL
UNKNOWN JOHN DOES and/or JANE DOES Nos.1,
2, 3 etc....(whose identities are unknown but who
are know to be police officers and employees of
the CITY OF NEW YORK),

and
New York City Police Department employees: Sgt.,
Baronette, Sgt./Lt. Singh, Sgt. Sudes and RICHARD
ROE and /or JANE ROE Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
Supervisory police officers and employees for the
CITY OF NEWYORK),

and
New York City Fire Department employee: FIRE
PREVENTION INSPECTOR ERIC MONK (an
employee of the New York City Fire Department
and employee for the CITY OF NEWYORK),

and
New York City Fire Department employees: JOHN
JONES and/or JANE JONES Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
supervisory personnel of the New York City Fire
Department and employees for the CITY OF
NEWYORK),

and
All of the above named individual defendants are
being sued both individually and in their official
capacities.

                                        Defendants.

----------------------------------------------------------------X

## ORDER GRANTING DEFAULT JUDGMENT

UPON CONSIDERATION of the Motion for FRCP Rule 55(b) Default Judgment and Local Civil Rule 55(b), memorandum of law, and declarations and exhibits submitted herein, it is hereby:

ORDERED that the Motion is GRANTED;

ORDERED a Default judgment is entered against Defendant Monk;

ORDERED that the instant matter is referred to an Inquest to determine damages.

ENTERED this __ day of _____ , 2015.

_____
Raymond J. Dearie
United States District Judge, EDNY

UNITED STATES DISTRICT COURT        Civ. Action No. 14 cv 2680

EASTERN DISTRICT OF NEW YORK       (RJD)(SMG)

-----------------------------------------------------------X

ALI ALKAIFI,                              **Affidavit of Service**

                             Plaintiff,

       -against-

THE CITY OF NEW YORK,

and

New York City Police Department employees:
POLICE OFFICER SAMUEL SMITHU and SEVERAL
UNKNOWN JOHN DOES and/or JANE DOES Nos.1,
2, 3 etc....(whose identities are unknown but who
are know to be police officers and employees of
the CITY OF NEW YORK),

and

New York City Police Department employees: Sgt.,
Baronette, Sgt.,/Lt. Singh, Sgt. Sudes and RICHARD
ROE and /or JANE ROE Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
Supervisory police officers and employees for the
CITY OF NEWYORK),

and

New York City Fire Department employee: FIRE
PREVENTION INSPECTOR ERIC MONK (an
employee of the New York City Fire Department
and employee for the CITY OF NEWYORK),

and

New York City Fire Department employees: JOHN
JONES and/or JANE JONES Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
supervisory personnel of the New York City Fire
Department and employees for the CITY OF
NEWYORK),

and

All of the above named individual defendants are
being sued both individually and in their official
capacities.

                             Defendants.

-----------------------------------------------------------X

I, Micah Kwasnik, an attorney admitted and in good standing in this Court and the Courts of New York State do swear under penalty of perjury that I served a copy of the attached Notice of Motion, Memorandum of Law, Affirmation and Proposed Order upon:

NYC Law Department
Noreen Stackhouse, Esq.
100 Church Street
NY, NY

Eric Monk
175 Ocean Parkway
Apt. 4J
Brooklyn, NY 11218

Eric Monk
FDNY
9 Metrotech Center
Brooklyn, NY 11201

Said service was made by USPS 1st Class mail as to NYC Law Department and USPS Certified Mailing as Defendant Eric Monk (both addresses).

DATE: Queens, NY
September 3, 2015

Micah Kwasnik, Esq. (MK 5150)
33-39 80th St. #22
Jackson Heights, NY 11372
Tel. 917 533-6822
micahkwasnik@yahoo.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ALI ALKAIFI,

                            Plaintiff,

      -against-

THE CITY OF NEW YORK,

and
New York City Police Department employees:  POLICE
OFFICER SAMUEL SMITHU and SEVERAL UNKNOWN
JOHN DOES and/or JANE DOES Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be police officers
and employees of the CITY OF NEW YORK),

and
New York City Police Department employees:  Sgt., Baronette,
Sgt./Lt. Singh, Sgt. Sudes and RICHARD ROE and /or JANE
ROE Nos.1, 2, 3 etc....(whose identities are unknown but who
are know to be Supervisory police officers and employees for
the CITY OF NEWYORK),

and
New York City Fire Department employee:  FIRE
PREVENTION INSPECTOR ERIC MONK (an employee of
the New York City Fire Department and employee for the CITY
OF NEWYORK),

and
New York City Fire Department employees:  JOHN JONES
and/or JANE JONES Nos.1, 2, 3 etc....(whose identities are
unknown but who are know to be supervisory personnel of the
New York City Fire Department and employees for the CITY
OF NEWYORK),

and
All of the above named individual defendants are being sued
both individually and in their official capacities.

                           Defendants.
-------------------------------------------------------------X

**COMPLAINT JURY
TRIAL DEMANDED**

**CASE NO.:**

      Plaintiff ALI ALKAIFI, by his attorney Micah A. Kwasnik, Esq., as and for his complaint
alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff, ALI ALKAIFI, seeks relief for

defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 USC Section

1983,1985,1988 and of rights secured by the first, fourth, fifth, and fourteenth amendments to the

United States Constitution, and of rights secured under the laws and Article 1, Secs. 6, 8, 11 and 12

of the Constitution of the State of New York.   The plaintiff seeks damages, compensatory and

punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such

other and further relief as this Court deems equitable and just.

## JURISDICTION

2.      Jurisdiction is invoked pursuant to 28 USC Section 1331 and 1343(a)(3) and (4), this being

an action seeking redress for the violation of plaintiff's constitutional and civil/statutory rights.

3.      Jurisdiction is also invoked herein pursuant to the first, fourth, fifth, and fourteenth

amendments to the United States Constitution and 42 USC Section 1983.

4.      The plaintiff requests that this Court exercise supplemental jurisdiction over any state court

causes of action that arise from a common nucleus of operative facts that give rise to the federally

based causes of action pleaded herein. 28 USC Section 1367.

## JURY TRIAL DEMANDED

5.      Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

6.      Venue is proper for the United States District Court for the Eastern District of New York

pursuant to 29 USC Section 1391(b).

## PARTIES

7.      Plaintiff ALI ALKAIFI is a citizen and a resident of the United State at all times relevant hereto, plaintiff was and is a resident of the County of Kings, City of New York and State of New York.

8.      Defendant New York City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City of New York (City), acting through the New York City Police Department (NYPD) is responsible for the practice, supervision, customs and conduct of all NYPD matters in City of New York, as well as the hiring, screening, training, supervising, controlling and disciplining all NYPD and personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules and regulations of the NYPD and for ensuring that the NYPD obey the laws of the United State and of the State of New York.

9.      Defendant New York City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York City Fire Department (NYFD) is responsible for the practice, supervision, customs and conduct of all NYFD matters in City of New York, as well as the hiring, screening, training, supervising, controlling and disciplining all NYFD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules and regulations of the NYFD and for ensuring that the NYFD personnel obeyed the laws of the United State and of the State of New York.

10.     Fire Prevention Inspector Eric Monk was at all times material and relevant to this complaint a duly appointed and acting fire prevention inspector of the City of New York.

11.     Fire Prevention Inspector Eric Monk was at all times material and relevant to this complaint a duly appointed and acting peace officer of the City of New York.

12.     That beginning on or about July 8, 2013 Fire Prevention Inspector Eric Monk, at the time(s) and upon the occasions hereinafter specified, was acting as an employee of the defendant City

3

during the course of his employment and the scope of his authority and in furtherance of the interest of his employer the Defendant, City of New York.

13.     At all times relevant hereto defendant Fire Prevention Inspector Eric Monk was acting under color of state law and within the scope of his employment. He is being sued individually and in his official capacities.

14.     That beginning on or about July 8, 2013 Defendants Police Officers Smithu (shield #10442) and Police Officers John Doe(s) and Jane Doe(s) at the times and upon the occasions hereinafter specified, were acting as an employee of the defendant City in the course of their employment and within the scope of their authority and in furtherance of the interest of their employer, the defendant, City.

15.     Defendants Police Officers Smithu (shield #10442) and Police Officers John Doe(s) and Jane Doe(s) were at all times material and material to this complaint duly appointed and acting as police officers of the City of New York.

16.     At all times relevant hereto defendants Police Offices Smithu (shield #10442) and Police Officers John Doe(s) and Jane Doe(s) were acting under color of state law and within the scope of their employment. They are being sued individually and in their official capacities.

17.     That beginning on or about July 8, 2013 Defendants Police Officers Offices John Doe(s) and Jane Doe(s) at the times and upon the occasions hereinafter specified, were acting as employees of the defendant City in the course of their employment and within the scope of their authority and in furtherance of the interest of their employer, the defendant City.

18.     Defendants, John Doe(s) and Jane Doe(s), are sued under fictitious names for the reason that their true names and identities are presently unknown to plaintiff except that they are connected in some manner with the defendant City as agents, servants, employees, representatives and/or were in some manner engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to plaintiff, which activities were a proximate cause of said injuries or

4

damages to plaintiff. At such times as their true names and identifies becomes known, plaintiff will amend the complaint accordingly.

19. At all times relevant hereto defendants Police Supervisors, Sgt. Baronette, Sgt./Lt. Singh and Sgt. Sudes were acting under color of state law and within the scope of their employment. They are being sued individually and in their official capacities.

20. At all times relevant hereto defendants Supervisory Police Offices Richard Roe(s) and Jane Roe(s) were acting under color of state law and within the scope of their employment. They are being sued individually and in their official capacities.

21. Defendants, Richard Roe(s) and Jane Roe(s), are sued under fictitious names for the reason that their true names and identities are presently unknown to plaintiff except that they are connected in some manner with the defendant City as agents, servants, employees, representatives and/or were in some manner engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to plaintiff, which activities were a proximate cause of said injuries or damages to plaintiff. At such times as their true names and identifies becomes known, plaintiff will amend the complaint accordingly.

22. At all times relevant hereto defendants, John Jones(s) and Jane Jone(s), supervisory personnel of the New York City Fire Department were acting under color of state law and within the scope of their employment. They are being sued individually and in their official capacities.

23. Defendants, John Jones(s) and Jane Jones(s), are sued under fictitious names for the reason that their true names and identities are presently unknown to plaintiff except that they are connected in some manner with the defendant City as agents, servants, employees, representatives and/or were in some manner engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to plaintiff, which activities were a proximate cause of said injuries or damages to plaintiff. At such times as their true names and identifies becomes known, plaintiff will amend the complaint accordingly.

5

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

24.     On or about July 16, 2013 Plaintiff Ali Alkaifi, in furtherance of his cause of action, filed a
timely Notice of Claim against the City in compliance with General Municipal Law § 50.

25.     More than Thirty (30) days have elapsed since service of said notice and the City has failed
to pay and/or adjust the claim.

26.     A 50-h examination was had on October 31, 2013.

27.     This action has been commenced within one year and ninety days after the happening of the
events that took place on or about July 8th, 2013 from which these claims arise, and within the
three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42
U.S.C. Sec. 1983.

## FACTS

28.     The conduct and actions of the Defendant Eric Monk, acting in the scope of his employment
and under color of law, constituted the use of excessive force. Defendant Monk's actions were
done intentionally, maliciously and/or with a reckless disregard for the natural and probable
consequence of his acts. Monk's acts were without without lawful justification, and were designed
to and did cause specific and serious bodily harm, pain and suffering in violation of plaintiff's
constitutional rights as guaranteed under 42 USC Section 1983, and the fourth and fourteenth
amendments to the United States Constitution.

29.     On July 8th of 2013 Fire Prevention Inspector Eric Monk was employed by the Defendant
City of New York as a Fire Prevention Inspector and Peace Officer.

30.     On July 8th of 2013 Fire Prevention Inspector Eric Monk was assigned to the NYFD
"RANGE-Hood" inspection unit.

31.    At roughly 9:00 AM on July 8th of 2013, Fire Prevention Inspector Eric Monk entered the convenience mart located at 292 Nostrand Avenue, County of Kings, State of New York.

32.    On July 8th of 2013 Fire Prevention Inspector Eric Monk, wearing the uniform of a New York City Fire Department Fire Inspector, displaying a badge and other visible identification did enter the business located 292 Nostrand Avenue.

33.    Plaintiff Alkaifi submitted to Fire Prevention Inspector Eric Monk display of authority and allowed him into the restricted area behind the counter.

34.    Fire Prevention Officer Eric Monk went behind the counter; an area not open to the public, where the grill used to prepare foods was located.

35.    Fire Prevention Inspector Eric Monk conducted an inspection and verified that the appropriate inspection certificate was displayed on the range- hood immediately above the grill.

36.    Fire Prevention Inspector Eric Monk did not issue a Notice of Violation based on the inspection of the grill or range hood.

37.    Fire Prevention Inspector Eric Monk then remained behind the counter in the restricted area asking for the store owner and continually speaking on his cell-phone.

38.    Plaintiff Alkaifi was managing the store, assisting at the grill and in charge of the cash register.

39.    Ali Doe was the store employee manning the grill.

40.    At 9:21 AM, roughly twenty minutes after Defendant Fire Prevention Inspector Eric Monk had finished his inspection of the range hood, Plaintiff asked Defendant Monk to leave the area he was presently occupying (behind the counter and in front of the grill) as he was interfering with Ali Doe's ability to use the grill and appeared to be on the phone making personal phone calls.

41.    Monk moved towards Plaintiff.

42.    Plaintiff Alkaifi secured his workspace, closing cash register, and faced Defendant.

43.    Defendant Fire Prevention Inspector Eric Monk in a calculated ploy faced Plainitff and came within striking distance of his face.

44.    Defendant Fire Prevention Inspector Eric Monk raised his right elbow, mid chest level, extended it forward, and intentionally executed a "forward elbow strike" by landing his right elbow into Plaintiff Alkaifi's face.

45.    The force of the blow caused severe pain, distress and anguish to the area of plaintiffs face and eyes.

46.    Plaintiff instinctively raised his hands in a defensive position.

47.    Defendant Fire Prevention Inspector Eric Monk, not being in any danger of violence and without issuing any warning, then battered plaintiff with his fists, striking plaintiff's face, body and physically seizing plaintiff and causing Plaintiff to suffer severe pain and anguish.

48.    Defendant Monk did then place the Plaintiff in a forward chokehold, lifted the Plaintiff off the ground by his neck.

49.     Plaintiff was then forced to the ground and Defendant Fire Prevention Inspector/Peace Officer Monk kicked him in the chest and head.

50.     Then Defendant Monk chased plaintiff out of the store and the continued his attack on the sidewalk outside of 292 Nostrand Ave..

51.     During the course of the attack Defendant Monk referred to plaintiff Alkaifi as a "NIGGER".

52.     Plaintiff suffered a fracture to the left Sphenoid Bone, periorbital contusions to the left eye, abrasions to face, lump to left temporal area, edema to right eye, and a diminution of vision.

53.     In response to a "FOIL REQUEST" the New YORK CITY FIRE DEPARTMENT stated that they "are not aware of Fire Prevention Inspector Monk having attended any training relating to workplace violence."

54.     Upon information and belief, a passing NYPD patrol car came upon the scene and intervened.

55.     An EMS ambulance (ambulance #1) arrived at the scene and Plaintiff was placed inside.

56.     Plaintiff was subsequently removed from the ambulance and interrogated by two Supervisory NYPD officers, indentified by their white shirts.

57.  Plaintiff Alfaifi told the Defendants Richard Roe(s) and/or Jane Roe(s), two supervisory NYPD officers, that he had been assaulted by defendant Monk and wanted to file a complaint.

58.  Defendants Richard Roe(s) and/or Jane Roe(s), two supervisory NYPD officers, acknowledged to Plaintiff Alkaifi that they had viewed the surveillance video of the assault (VIDEO AVAILABLE).

59.  Upon information and belief, Defendants Richard Roe(s) and or Jane Roe(s), Supervisory NYPD Officers conferred with Defendant Fire Prevention Inspector Eric Monk.

60.  The New York City Police Department Patrol Guide, Section 110-56 requires notification to the FDNY when any employee of the fire department is arrested.

61.  Upon information and belief Defendants Richard Roe(s) and or Jane Roe(s), Supervisory NYPD Officers conferred by cell phone with Defendants John Jones(s) and/or Jane Jones(s), supervisors at the New York City Fire Department.

62.  Upon information and belief, Defendant Fire Prevention Inspector Eric Monk, unhandcuffed, was driven from the scene in a NYPD car, along with Defendants Richard Roe(s) and/or Jane Roe(s), supervisory NYPD Officers.

63.  Plaintiff Alkaifi was placed back in a different ambulance (ambulance #2) and taken to Brooklyn Hospital where he was treated for injuries including a left Sphenoid Bone fracture,

periorbital contusions to the left eye, abrasions to face, lump to left temporal area, and edema to right eye.

64. The Brooklyn Hospital medical record does not contain a legally required "PREHOSPITAL CARE REPORT", which should contain indentifying data as to the ambulance, the personnel manning the ambulance, location of the pickup, and patient history.

65. The Brooklyn Hospital Medical Record Room personnel stated that the legally required "PREHOSPITAL CARE REPORT" is not part of plaintiff's medical record.

66. A NYPD "AIDED CARD" required to be filed by NYPD Offices when they assist injured civilians, such as plaintiff, has never been filed.

67. Hours after the attack, while plaintiff was being treated at Brooklyn Hospital, Defendant PO Samuel Smithu appeared and arrested plaintiff, without a warrant, placing him in handcuffs.

68. The NYPD" Omniform System" Arrest Report lists Plaintiff's physical condition as "apparently normal."

69. Defendant PO Samuel Smithu told Plaintiff that he had been ordered by his supervisors to arrest Plaintiff.

70. Plaintiff Alkaifi was charged with Obstructing Governmental Administration, PL195.05; Menacing, PL120.15; Harassment, PL 240.26 (1).

71. Upon information and belief, the charges were based on maliciously and falsely lodged complaints by one or more of the individual Defendants, including without limitation, Fire Prevention Inspector Eric Monk; for which there was no probable cause and lacking in any legal justification with respect to Plaintiff.

72. Defendant Sgt. Sudes, Lt/Sgt. Singh, and Sgt. Baronette approved the filing of the complaint against plaintiff that was devoid of any factual basis alleging probable cause.

71. On July 9, 2013 after spending a night in jail, Plaintiff was arraigned and released on his own recognizance.

72. An "Order of Protection" was issued against victim Alkaifi in favor of the aggressor Fire Prevention Officer Eric Monk

73. On July 22, 2013, the Kings County District Attorneys Office was given a copy of the surveillance video of the assault.

74. On September 25, 2013, in Part AP6, the charges against Plaintiff were dismissed on motion of the Kings County District Attorney's Office.

12

75.     The Kings County District Attorney's Office nor the New York City Police Department has never charged Defendant Fire Prevention Officer Eric Monk with a crime.

76.     On October 12, 2013 Plaintiff went to the 79th Precinct in order to make and have filed a criminal complaint against Defendant Monk.

77.     Plaintiff explained the matter to intake officer, P.O. Kaufman, who began to write up the complaint.

78.     Plaintiff offered P.O. Kaufman a copy of the video of the assault by Defendant Monk, video stills from said video and Plaintiff's medical records.

79.     Soon thereafter, Officer Kaufman excused himself and went to a non-public area of the precinct.

80.     Minutes later Officer Kaufman returned and informed Plaintiff that he would not take Plaintiff's complaint.

81.     Sergeant Baronette immediately thereafter approached and stated that he would not allow a complaint to taken.

82.     Sergeant Baronette stated that he had been directed by Sergeant/Lt. Singh not to accept a complaint from Plaintiff.

83. Because of continued revelations, including those of then police office Adrian Schoolcraft, on January 17, 2012 Police Commissioner Kelly issued a Departmental Order directing police officers to take complaints from crime victims.

84. "The Report of the Crime Reporting Review Committee to Commissioner Raymond W. Kelly Concerning Compstat Auditing" dated April 8th, 2013, reviewed the manipulation of crime statics by NYPD. The Committee found that there was a systemic problem relating to the accuracy of police statics. One method used to manipulate crime statics was to suppress the filing of complaints. The Committee found that:

> Suppression is the failure to take a complaint report or preventing a complainant from filing one. ...Press reports have described instances of each, and the Committee has heard anecdotal evidence of each as well. (Page 17).

85. Upon information and belief, the manipulation of crime reports by refusing to take complaints from crime victims was so ingrained in the NYPD that it may very well be considered a policy of the City of New York.

### FIRST CLAIM FOR RELIEF
(Against DEFENDANT ERIC MONK)
### 42 USC § 1983 UNREASONABLE AND EXCESSIVE FORCE

86. Paragraphs 1 through 85 are incorporated by reference as though fully set forth herein.

87. Defendant Monk by his conduct violated Plaintiff's rights to due process as guaranteed by 42 USC § 1983 and by the Fourth and Fourteenth Amendment to the United States Constitution not be

seized, assaulted, to be free from excessive and unreasonable force and not to be emotionally battered.

88.     Defendant Monk in the course and scope of his employment, acted under pretense and color of law in his individual and official capacity. The acts of Defendant Monk were without authority of law and in abuse of his powers, and Defendant Monk acted intentionally, willfully, knowingly and with specific intent to deprive Plaintiff of him constitutional rights secured by 42 USC § 1983, and by the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

89.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged hereto.

90.     The acts of defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## SECOND CLAIM FOR RELIEF
### (Against ALL DEFENDANTS EXCEPT CITY OF NEW YORK)
### 42 USC § 1985(3) CONSPIRACY

91.     Paragraphs 1 through 90 are incorporated by reference as though fully set forth herein.

92.     The individual defendants conspired with each other for the purpose of hindering and preventing authorities of the State of New York from securing and providing plaintiff Alfiafi Equal Protection of Laws. In furtherance of the conspiracy, and to conceal the crimes and misconduct of defendant Monk, all defendants, with the exception of the defendant City engaged in a cover-up.

93.     Among the actions taken in furtherance were false statements made to the Kings County District Attorney's Office, a wholesale abdication of defendants' legal duty to report evidence of criminal conduct to proper authorities.

94.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged hereto.

95.    The acts of defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## THIRD CLAIM FOR RELIEF
(Against ALL DEFENDANTS EXCEPT CITY OF NEW YORK)
**42 USC § 1983 CONSPIRACY**

96.    Paragraphs 1 through 95 are incorporated by reference as though fully set forth herein.

97.    Defendants Eric Monk; Police Officers Smithu, Police Officers Offices John and Jane Doe(s); Sergeant Baronette, Sgt./Lt. Singh, and Sgt. Sudes and Supervisory Police Offices John and Jane Roe(s) and NYFD Supervisory Personnel John and Jane Jones(s), acting under color of law, conspired with one another to deprive Plaintiff Ali Alkaifi of his constitutional rights, including the right to be free from the intentional use of unreasonable force; unreasonable seizure; right to petition the government by filing a complaint as to Defendant Monk's criminal acts; to be free from false arrest, false imprisonment, and malicious prosecution; and being emotionally battered,

98.    Defendants Eric Monk; Police Officers Smithu, Police Officers Offices John and Jane Doe(s); Sergeant Baronette, Sgt./Lt. Singh, and Sgt. Sudes and Supervisory Police Offices John and Jane Roe(s) and NYFD Supervisory Personnel John and Jane Jones(s), acted under pretense and color of law in their individual and official capacity. The acts of Defendants were without authority of law and in abuse of their powers, and defendants acted intentionally, willfully, knowingly and with specific intent to deprive Plaintiff of his constitutional rights secured by 42 USC § 1983, and by the First, Fourth, Fifth and the Fourteenth Amendment to the United States Constitution.

99.    It furtherance of the conspiracy Defendant Monk, in his capacity as a Fire Prevention Inspector and Peace Officer, without probable cause, did seize Plaintiff.

100.    In furtherance of the conspiracy that Defendant Monk, in his capacity as a Fire Prevention Inspector and Peace Officer, without probable cause did physically batter Plaintiff.

101. In furtherance of the conspiracy and in order to cover up acts of brutality, Defendants engaged in the following:

a. Falsely arresting and imprisoning Mr. Alkaifi.

b. Fabricating and contriving the criminal charges lodged against Mr.Alkaifi.

c. Defendant Monk falsely executed an affidavit in order to have criminal charges lodged against Mr. Alkaifi.

d. Police Officer Smithu did falsely executed an affidavit in order to have criminal charges lodged against Mr. Alkaifi.

e. All defendants' submitted false reports, statements to support and corroborate the fabricated charges lodged against Mr. Alkaifi and to insulate Defendant Monk from administrative and criminal sanctions.

f. Defendants Eric Monk, Police Officers Smithu, Police Officers JOHN/JANE DOE(s), NYPD Supervisors Sergeant Baronette, Sgt./Lt. Sing, Sgt. Sudes, Supervisory Police Offices JOHN /JANE ROE(s) and JOHN/JANE JONES(s), supervisory personnel of the New York City Fire Department did devise a false exculpatory version of the events of July 8th, 2013 to insulate Defendant Monk from administrative and criminal sanctions.

g. Police Officer Smithu did intentionally omit to file an "Aided Report" detailing the injuries to Mr. Alkaifi caused by Defendant Monk.

h. Police Officer Smithu did intentionally describe Mr. Alkaifi's physical condition as "apparently normal" on the NYPD" Omniform System" Arrest Report to insulate Defendant Monk from administrative and criminal sanctions.

i. All Defendants fabricated and contrived allegations that Plaintiff Alkaifi menaced and obstructed Defendant Monk.

j. All Defendants fabricated and contrived allegations that Plaintiff Alkaifi had not been struck and brutally battered by Defendant Monk.

k. On October 12, 2013 Sgt. Baronette relying on the directive of Sgt./Lt. Singh at the 79th precinct station house directed a NYPD Officer Kaufman to discontinue assisting Mr. Alkaifi from filing a complaint and ordering that Mr. Alkaifi should not be allowed to file a complaint against Defendant Monk to insulate Defendant Monk from administrative and criminal sanctions.

102.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

103.   The acts of all defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF
### (Against ALL DEFENDANTS EXCEPT CITY OF NEW YORK)
### 42 USC § 1983 RIGHT TO PETITION

104.   Paragraphs 1 through 103 are incorporated by reference as though fully set forth herein.

105.   Defendants Eric Monk; Police Officers Smithu, Police Officers Offices John and Jane Doe(s); Sergeant Baronette, Sgt./Lt. Singh, and Sgt. Sudes and Supervisory Police Offices John and Jane Roe(s) and NYFD Supervisory Personnel John and Jane Jones(s), acted under pretense and color of law in their individual and official capacity violated plaintiff's rights as guaranteed by 42 USC § 1983 and by the First and Fourteenth Amendment to the United States Constitution by denying him his right to exercise his First Amendment Right to petition government by filing a criminal complaint against Defendant Eric Monk.

106.   The direct and proximate unlawful, malicious conduct in denying Plaintiff's right to file a complaint was the result of a cover up designed to conceal the brutal assault by Defendant Monk upon Plaintiff.

107.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

108.   The acts of all defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

18

## FIFTH CLAIM FOR RELIEF

(Against ALL DEFENDANTS EXCEPT CITY OF NEW YORK)
**42 USC § 1983 RETALIATION FOR SPEACH**

109.    Paragraphs 1 through 108 are incorporated by reference as though fully set forth herein.

110.    Defendants Eric Monk; Police Officers Smithu, Police Officers Offices John and Jane Doe(s); Sergeant Baronette, Sgt./Lt. Singh, and Sgt. Sudes and Supervisory Police Offices John and Jane Roe(s) and NYFD Supervisory Personnel John and Jane Jones(s) violated plaintiff's rights as guaranteed by 42 USC § 1983 and by the First and Fourteenth Amendment to the United States Constitution by having plaintiff Alkaifi arrested without probable cause in retaliation for his protected speech in complaining to individual defendants about defendant Monk's attack.

111.    Plaintiff's arrest was a cover-up motivated by retaliatory animus.

112.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

113.    The acts of all defendants as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF

(Against DEFENDANT CITY OF NEW YORK)
**42 USC 1983 DELIBERTIVE INDIFFERENCE**

114.    Plaintiff repeats and re-alleges paragraphs 1 through 113 as if the same were fully set forth at length herein.

115.    Upon information and belief the acts complained of by Plaintiff herein are a direct and proximate result of Defendant New York City's tacit authorization of and the gross indifference to the pattern of unconstitutional conduct by Defendants and that Defendant(s) New York City's

knowing failure to properly train, supervise and discipline Defendant police officers and supervisory personnel, NYFD personnel and fire department supervisors and Defendant Eric Monk.

116. New York City police officers and peace officers are authorized to make arrests without an arrest warrant but only based on probable cause.

117. Upon information and belief New York City police officers and peace officers make thousands of warrantless arrests per year.

118. New York City police officers and peace officers make arrests under difficult field conditions and frequently without the benefit of detailed investigation.

119. New York City police officers and police supervisors were not trained in the legal authority of NYFD fire prevention inspectors' permissible use of force during the course of a range-hood inspection.

120. Defendant City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the constitutional rights of plaintiff Alkaifi would be violated.

121. At all times relevant hereto Defendant City of New York was acting under color of state law when it implemented a policy, custom or practice of failing to adequately train its employees in the constitutional requirements in the execution of administrative inspections.

122. By reason of the foregoing, defendant New York City has engaged in policies, practices and customs that, through the acts of defendant(s) police officers and police supervisors, fire department supervisors and Defendant Eric Monk and in furtherance thereof, has deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States in violation of 42 USC Sec. 1983, and deprived plaintiff of rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

123. Those policies, practice and customs include, inter alia:

a. The failure to properly screen, supervise, discipline, transfer, counsel, or otherwise control New York City Fire Prevention Inspector and Peace Officer Monk from engaging in the use of physical violence;

b. The failure to properly educate, train, supervise, or otherwise counsel New York City Fire Prevention Inspectors and Peace Officer Monk in how to interact and work the citizenry;

c. The police code of silence wherein police officers regularly cover up use of force, by employees of the City by failing to take complaints or by telling false and incomplete stories, inter alia, in testimony, official reports, and statements, all of which are designed to cover for and/or falsely exonerate New York City Fire Prevention Inspector/Peace Officer Monk;

d. Upon information and belief, New York City Police Department (NYPD) officers and personnel have falsely substantiated attempts to cover up illegal and unconstitutional actions with regard to the incident at issue;

e. Defendant City failed to properly to train police officers about the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States

124. Said policy and practice of failing to properly educate, train, retrain, screen, discipline, control supervise, transfer, and counsel, as well as the code of silence, were maintained and implemented with deliberate indifference, and encouraged defendants to commit the unjustified assault on plaintiff, and to cover it up, and therefore acted as a direct and proximate cause of the constitutional violations set forth above.

125. As a direct and proximate result of the policies, practices and customs of defendant New York City alleged herein, plaintiff sustained damages herein before alleged.

# PENDANT CLAIMS

## SEVENTH CLAIM FOR RELIEF

(Against DEFENDANT MONK)
## ASSAULT AND BATTERY

126. Paragraphs 1 through 125 are incorporated by reference as though fully set forth herein.

127. By his actions as set forth above Defendant Monk committed atrocious acts of battery against Ali Alkiafi that included beating and kicking him in the face and body without cause. This use of physical force against Ali Alkiafi was unnecessary, excessive and without any justification.

128. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

129. The acts of Defendant Monk as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

## EIGHTH CLAIM FOR RELIEF
(Against ALL DEFENDANTS)
## MALICIOUS PROSECUTION

130. Paragraphs 1 through 129 are incorporated by reference as though fully set forth herein.

131. The criminal charge(s) brought by Defendant P.O. Smithu and Defendant Monk against plaintiff Alkiafi in criminal court was false.

132. Defendants P.O. Smithu and Defendant Monk instituted the criminal proceedings against plaintiff Alkaifi without probable cause to believe that plaintiff Alkaifi committed the crimes charged.

133. Defendants P.O. Smithu and Defendant Monk instituted the criminal proceedings against plaintiff Alkaifi with knowledge that the charges were false.

134. Defendants P.O. Smithu and Defendant Monk were acting with malice when they commenced the criminal proceeding against plaintiff Alkaifi.

135. The criminal proceeding against plaintiff Alkaifi was terminated in plaintiff Alkaifi favor.

136. Defendant P.O. Smithu and Defendant Monk were acting in the course and scope of their employment, acted under pretense and color of law when they falsely informed an Assistant District Attorney in the Office of the District Attorney, Kings County that plaintiff Alkaifi had committed the charges of Obstructing Governmental Administration, PL195.05; Menacing, PL120.15 and Harassment PL 240.26 (1).

137. Defendant P.O. Smithu and Defendant Monk were acting in the course and scope of their employment, acted under pretense and color of state law when they commenced a criminal proceeding plaintiff Alkaifi.

138. Defendants P.O. Smithu and Defendant Monk deprived plaintiff Alkaifi of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendment of the Constitution of the United States under color of state law by commencing a criminal action against plaintiff Alkaiki.

139. The acts of Defendant(s) as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages

### NINTH CLAIM FOR RELIEF
(Against ALL DEFENDANTS)
### FALSE ARREST AND FALSE IMPRISONMENT

140. Paragraphs 1 through 139 are incorporated by reference as though fully set forth herein.

141. Ali Alkiafi was wrongfully, unlawfully, and unjustifiably charged, arrested, detained and deprived of his liberty against his will, and was imprisoned by all defendants.

142. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention and imprisonment were carried out without a warrant nor probable cause.

143. All of the foregoing occurred without any fault or provocation on the part of Ali Alkiafi.

144. There was no probable cause for the arrest and imprisonment of Ali Alkaifi.

145. At all relevant times all named defendants and other unknown John & Jane Doe(s) police officers and unknown Richard and Jane Roe(s), NYPD supervisory personnel and unknown John and Jane Jones(s), NYFD supervisory personnel, who were responsible for the false arrest and imprisonment of Ali Alkiafi, were employees of the City of New York and were acting for, by and in furtherance of the business of their employers and within the scope of their employment.

146. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages hereinbefore alleged.

147. The acts of Defendant Monk as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages

## TENTH CLAIM FOR RELIEF
(Against DEFENDANT CITY OF NEW YORK)
### NYPD SUPERVISORY LIABILITY

148. Plaintiff repeats and re-alleges paragraphs 1 through 147 as if the same were fully set forth at length herein.

149. Defendants Richard and Jane Roe(s) were, at the relevant times, supervisory personnel at the 79th precinct and/or in the NYPD, with oversight responsibility for line NYPD Officers Smithu, P.O.John & Jane Doe(s). They were responsible for training, instruction, supervision, and discipline of the officers who failed to take preventive and remedial measures to guard against the cover up of the acts of Defendant Monk.

150. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

151. The acts of Defendant Monk as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages

## ELEVENTH CLAIM FOR RELIEF
### (Against DEFENDANT CITY OF NEW YORK)
## FDNY SUPERVISORY LIABILITY

152. Plaintiff repeats and re-alleges paragraphs 1 through 151 as if the same were fully set forth at length herein.

153. Defendants John and Jane Jones(s) were, at the relevant times, supervisory personnel at the FDNY FIRE PREVENTION unit and/or in the FDNY, with oversight responsibility for Fire Prevention Officer Eric Monk. They were responsible for training, instruction, supervision, and discipline of Monk who failed to take preventive and remedial measures to guard against the cover up of the acts of Defendant Monk.

154. As a direct and proximate result of the misconduct and abuse of authority   detailed above, Plaintiff sustained the damages herein before alleged.

155. The acts of Defendant(s) as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages

# TWELVTH CLAIM FOR RELIEF
(Against DEFENDANT CITY OF NEW YORK)
## RESPONDEAT SUPERIOR

156.   Plaintiff repeats and re-alleges paragraphs 1 through 155 as if the same were fully set forth at length herein.

157.   Upon information and belief, at all relevant times, all defendants were employees of the City and were acting for, upon and/or in furtherance of the business of the City within the scope of their employment.

158.   The City is liable under the doctrine of respondent superior for their employees tortuous actions.

159.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**WHEREFORE,** plaintiff respectfully demands judgment and prays for the following relief, jointly and severally, against the defendants as follows:

1.   Full and fair compensatory damages in an amount to be determined by a jury;

2.   Exemplary and punitive damages in an amount to be determined by a jury;

3.   For cost of suit herein, including plaintiff's reasonable attorney's fees pursuant to 42 USC 1988;

4.    For such other and further relief as the court deems proper.

Dated:  Queens, New York
APRIL 29,  2014

_____
Micah. Kwasnik, Esq. (mk5150)
Attorney for Plaintiff
33-39 80th Street #22
Jackson Heights, NY 11372
Tel. 917 533-6822
Fax 347 738-5502
micahkwasnik@yahoo.com

JS 44 (Rev. 1/2013)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Ali Alkaifi

**DEFENDANTS**

The City of New York, et. al.

**(b)** County of Residence of First Listed Plaintiff   KINGS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MICAH KWASNIK, ESQ.   tel. 9175336822
33-29 80th St #22
Jackson Heights, NY 11372

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government
  Plaintiff
- [X] 3   Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government
  Defendant
- [ ] 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|                        | PTF | DEF |                                             | PTF | DEF |
|------------------------|-----|-----|---------------------------------------------|-----|-----|
| Citizen of This State  | 1   | 1   | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2   | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--------------------|-----------|----------------|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>840 Trademark<br>**SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 375 False Claims Act<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>[X] 440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities - Employment<br>446 Amer. w/Disabilities - Other<br>448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | **LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:   42 USC 1983

Brief description of cause: Civil rights, denial of protection of Constitutional Rights

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   April 29, 2014

SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, _____, counsel for _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

       monetary damages sought are in excess of $150,000, exclusive of interest and costs,

       the complaint seeks injunctive relief,

       the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

       Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County:_____N o_____

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?_____No_____

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?_____Yes_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?_____
       (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
              Yes                No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
          Yes    (If yes, please explain)     No

I certify the accuracy of all information provided above.

Signature:_____

# EXHIBIT B

ACO

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:14-cv-02680-RJD-SMG

Alkaifi v. The City of New York et al
Assigned to: Judge Raymond J. Dearie
Referred to: Chief Mag. Judge Steven M. Gold
Cause: 28:1331 Fed. Question

Date Filed: 04/29/2014
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Ali Alkaifi**                           represented by   **Micah Avi Kwasnik**
                                                          Micah Kwasnik
                                                          No 22
                                                          Jackson Heights, NY 11372
                                                          917-533-6822
                                                          Fax: 347-738-5502
                                                          Email: micahkwasnik@yahoo.com
                                                          *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**The City of New York**                  represented by   **James F. Horton**
                                                          New York City Law Department
                                                          100 Church St
                                                          New York, NY 10007
                                                          (212)356-2647
                                                          Fax: (212)788-9776
                                                          Email: jhorton@law.nyc.gov
                                                          *TERMINATED: 04/21/2015*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jennifer Lilly Koduru**
                                                          NYC Law Department
                                                          100 Church St
                                                          New York, NY 10007
                                                          212-356-3544
                                                          Fax: 212-788-9776
                                                          Email: jkoduru@law.nyc.gov
                                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Noreen M. Stackhouse**
New York City Law Department
100 Church Street
New York, NY 10007
212-356-2375
Fax: 212-788-9776
Email: nstackho@law.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fire Prev. Inspector Eric Monk**
*an employee of the New York City Fire
Department and employee for the City
of New York*

**Defendant**

**Sgt. Sudes**                          represented by   **James F. Horton**
                                                         (See above for address)
                                                         *TERMINATED: 04/21/2015*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jennifer Lilly Koduru**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Noreen M. Stackhouse**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**P.O. Samuel Smithu**                  represented by   **James F. Horton**
                                                         (See above for address)
                                                         *TERMINATED: 04/21/2015*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jennifer Lilly Koduru**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Noreen M. Stackhouse**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt. Baronette**                    represented by  **James F. Horton**
(See above for address)
*TERMINATED: 04/21/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Lilly Koduru**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Noreen M. Stackhouse**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sgt./Lt. Singh**                    represented by  **James F. Horton**
(See above for address)
*TERMINATED: 04/21/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Lilly Koduru**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Noreen M. Stackhouse**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John and/or Jane Does Nos. 1,2,3
etc...**
*(whose identities are unknown but who*

*are know to be police officers and
employees of the City of New York*

### Defendant

**Richard and/or Jane Roe Nos. 1, 2, 3
etc...**
*whose identities are unknown but who
are know to be Supervisory police
officers and employees for the City of
New York*

### Defendant

**John and/or Jane Jones Nos. 1, 2, 3
etc...**
*whose identities are unknown but who
are know to be Supervisory police
officers and employees for the City of
New York*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/29/2014 | 1 | COMPLAINT against Baronette, John and/or Jane Does Nos. 1,2,3 etc..., John and/or Jane Jones Nos. 1, 2, 3 etc..., Eric Monk, Richard and/or Jane Roe Nos. 1, 2, 3 etc..., Singh, Samuel Smithu, Sudes, The City of New York filing fee $ 400, receipt number 0207-6890907 Disclosure Statement on Civil Cover Sheet completed -yes,, filed by Ali Alkaifi. (Kwasnik, Micah) (Additional attachment(s) added on 4/30/2014: # 1 Civil Cover Sheet, # 2 Proposed Summons) (Lee, Tiffeny). (Entered: 04/29/2014) |
| 05/01/2014 | | Case Assigned to Judge Raymond J. Dearie and Chief Mag. Judge Steven M. Gold. (Davis, Kimberly) (Entered: 05/01/2014) |
| 05/01/2014 | 2 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if** all parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov /uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences.** Do NOT return or file the consent unless all parties have signed the consent. (Davis, Kimberly) (Entered: 05/01/2014) |

| 05/01/2014 | 3 | Summons Issued as to Baronette, Eric Monk, Singh, Samuel Smithu, Sudes, The City of New York. (Davis, Kimberly) (Entered: 05/01/2014) |
|---|---|---|
| 05/01/2014 | | This attorney case opening filing has been checked for quality control. The following corrections were made: Parties John and/or Jane Does Nos. 1,2,3 etc.,Richard and/or Jane Roe Nos. 1, 2, 3 etc, and John and/or Jane Jones Nos. 1, 2, 3 etc were listed as Plaintiff and changed to Defendants to reflect the complaint. The pro se status were also changed. The case caption was edited and party text language was added. (Davis, Kimberly) (Entered: 05/01/2014) |
| 06/17/2014 | 4 | MOTION for Extension of Time to File Answer by The City of New York. (Koduru, Jennifer) (Entered: 06/17/2014) |
| 06/19/2014 | | ORDER granting 4 Motion for Extension of Time to Answer Baronette answer due 8/11/2014; Eric Monk answer due 8/11/2014; Singh answer due 8/11/2014; Samuel Smith answer due 8/11/2014; Sudes answer due 8/11/2014; The City of New York answer due 8/11/2014. So Ordered by Chief Magistrate Judge Steven M. Gold on 6/19/2014. (Vasquez, Lea) (Entered: 06/19/2014) |
| 06/25/2014 | 5 | AFFIDAVIT of Service for Summons & Complaint served on Eric Monk on 5/19/2014, filed by Ali Alkaifi. (Kwasnik, Micah) (Entered: 06/25/2014) |
| 06/25/2014 | 6 | AFFIDAVIT of Service for Summons & Complaint served on The City of New York on 5/20/2014, filed by Ali Alkaifi. (Kwasnik, Micah) (Entered: 06/25/2014) |
| 06/25/2014 | 7 | AFFIDAVIT of Service for Summons & Complaint served on Sgt. Baronette on 5/28/2014, filed by Ali Alkaifi. (Kwasnik, Micah) (Entered: 06/25/2014) |
| 06/25/2014 | 8 | AFFIDAVIT of Service for Summons & Complaint served on Sgt./Lt. Singh on 5/28/2014, filed by Ali Alkaifi. (Kwasnik, Micah) (Entered: 06/25/2014) |
| 06/25/2014 | 9 | AFFIDAVIT of Service for Summons & Complaint served on P.O. S. Smithu on 5/28/2014, filed by Ali Alkaifi. (Kwasnik, Micah) (Entered: 06/25/2014) |
| 06/25/2014 | 10 | AFFIDAVIT of Service for Summons & Complaint served on Sgt. Sudes on 5/28/2014, filed by Ali Alkaifi. (Kwasnik, Micah) (Entered: 06/25/2014) |
| 06/25/2014 | 11 | AFFIDAVIT of Service for Summons & Complaint served on Eric Monk on 5/19/2014, filed by Ali Alkaifi. (Kwasnik, Micah) (Entered: 06/25/2014) |
| 06/27/2014 | 12 | SCHEDULING ORDER: An in-person initial conference will be held at 10:00 a.m. on August 27, 2014 in Courtroom 13-D South before the undersigned. Counsel are directed to refer to and comply with the attached Order. So Ordered by Chief Magistrate Judge Steven M. Gold on 6/27/2014. (Attachments: # 1 Chambers Individual Rules) (Vasquez, Lea) (Entered: 06/27/2014) |
| 08/25/2014 | 13 | Letter *to Judge Gold advising that no answer has been filed* by Ali Alkaifi (Kwasnik, Micah) Modified on 8/26/2014 to add description of document (Chee, Alvin). (Entered: 08/25/2014) |

| 08/28/2014 | 14 | Minute Entry for Initial Conference Hearing held on 8/27/2014 before Chief Magistrate Judge Steven M. Gold: Kwasnik for plaintiff, Koduru for defendants. Defendants will answer the complaint, and the parties will serve Rule 26(a)(1) disclosures, by September 10. Plaintiff shall either make a settlement demand, or indicate he does not choose to engage in settlement discussions, promptly. NEXT CONFERENCE: NOVEMBER 7, 2014 AT 12 NOON. If the parties expect to discuss settlement, principals with full decision-making authority must be present or available by telephone throughout the conference. Counsel shall be prepared to schedule all anticipated depositions if the case cannot be settled at that time. (Vasquez, Lea) (Entered: 08/28/2014) |
|---|---|---|
| 09/10/2014 | 15 | MOTION for Extension of Time to File Answer *on behalf of Defendants Monk, Sudes, Smithu, Baronette, and Singh, and MOTION to Remove the Undersigned as Counsel for Defendant the City, and to Notify the Court that This Case is Being Transferred to a New Attorney, by The City of New York.* (Koduru, Jennifer) (Entered: 09/10/2014) |
| 09/10/2014 | 16 | RESPONSE to Motion re 15 MOTION for Extension of Time to File Answer *on behalf of Defendants Monk, Sudes, Smithu, Baronette, and Singh, and MOTION to Remove the Undersigned as Counsel for Defendant the City, and to Notify the Court that This Case is Being Transferred to filed by Ali Alkaifi.* (Kwasnik, Micah) (Entered: 09/10/2014) |
| 09/10/2014 | | ORDER deferring ruling on 15 Motion for Extension of Time to Answer re 15 MOTION for Extension of Time to File Answer on behalf of Defendants Monk, Sudes, Smithu, Baronette, and Singh, and MOTION to Remove the Undersigned as Counsel for Defendant the City, and to Notify the Court that This Case is Being Transferred to, 16 Response to Motion: A telephone conference will be held at 11:00 a.m. on September 16, 2014 before the undersigned. Counsel for plaintiff is directed to arrange the call with all parties as well as immediately confirm this conference date and time with defendants' counsel. So Ordered by Chief Magistrate Judge Steven M. Gold on 9/10/2014. (Vasquez, Lea) (Entered: 09/10/2014) |
| 09/16/2014 | | ORDER granting 15 Motion for Extension of Time to Answer All Defendants.. Ordered by Chief Mag. Judge Steven M. Gold on 9/16/2014. (Gold, Steven) (Entered: 09/16/2014) |
| 09/18/2014 | 17 | Minute Entry for Telephone Conference held on 9/16/2014 before Chief Magistrate Judge Steven M. Gold: Kwasnik for plaintiff, Koduru for defendants. Defendants' application for an additional 30 days to answer is granted. Plaintiff's application for an in camera hearing to inquire whether communications between defendants and Corporation Counsel attorneys should be disclosed pursuant to the crime fraud exception to the attorney-client privilege is denied. Plaintiff may renew the application if he can demonstrate a good faith basis for it; the Court concludes that the Corporation Counsel's statement that it cannot represent all defendants because of a conflict of interest is insufficient to |

| | | |
|---|---|---|
| | | establish such a good faith basis. (Tape #FTR 10:59-11:07.) (Vasquez, Lea) (Entered: 09/18/2014) |
| 10/09/2014 | 18 | ANSWER to 1 Complaint, by Baronette, Singh, Samuel Smithu, Sudes, The City of New York. (Koduru, Jennifer) (Entered: 10/09/2014) |
| 10/15/2014 | 19 | ORDER: Defendant Monk's request for an additional 30 days to obtain legal representation is granted. Ordered by Chief Mag. Judge Steven M. Gold on 10/14/2014. (Chee, Alvin) (Entered: 10/15/2014) |
| 11/10/2014 | 20 | Minute Entry for Settlement Conference held on 11/7/2014 before Chief Magistrate Judge Steven M. Gold: Kwasnik for plaintiff, Koduru for all defendants other than Monk. The parties will complete paper discovery by January 15. THE COURT WILL HOLD A FURTHER CONFERENCE AT 11:30 AM ON FEBRUARY 5, 2015, by which time it is expected defendant Monk will either have retained counsel or be prepared to proceed representing himself. (Vasquez, Lea) (Entered: 11/10/2014) |
| 02/03/2015 | 21 | First MOTION to Adjourn Conference by Baronette, Singh, Samuel Smithu, Sudes, The City of New York. (Koduru, Jennifer) (Entered: 02/03/2015) |
| 02/04/2015 | | ORDER denying 21 Motion to Adjourn Conference for the reasons stated during the telephone conference held on February 3, 2015. Ordered by Chief Mag. Judge Steven M. Gold on 2/4/2015. (Gold, Steven) (Entered: 02/04/2015) |
| 02/04/2015 | 22 | Minute Entry for Telephone Conference held on 2/3/2015 before Chief Magistrate Judge Steven M. Gold: Kwasnik for plaintiff, Koduru for defendants other than Monk. The conference set for February 5 will proceed as scheduled but as a case management conference and not a settlement conference. (Vasquez, Lea) (Entered: 02/04/2015) |
| 02/06/2015 | 23 | Minute Entry for Status Conference held on 2/5/2015 before Chief Magistrate Judge Steven M. Gold: Kwasnik for plaintiff, Koduru for defendants. Pro se defendant Monk failed to appear and has not provided the court or counsel with his telephone number. Accordingly, plaintiff may seek entry of Monk's default. The remaining defendants will respond to plaintiff's long-outstanding discovery demands by February 6. THE COURT WILL HOLD A STATUS AND SETTLEMENT CONFERENCE AT 4 PM ON MARCH 11, 2015. The parties shall be prepared (1) to state their respective positions on settlement, with principals WITH FULL SETTLEMENT DECISION-MAKING AUTHORITY (UP TO THE AMOUNT LAST DEMANDED FOR DEFENDANTS, DOWN TO THE AMOUNT LAST OFFERED FOR PLAINTIFFS) PRESENT OR AVAILABLE BY TELEPHONE THROUGHOUT THE CONFERENCE, (2) to schedule depositions if the case cannot be settled at that time, and (3) to state whether they will agree to assignment of this case to a magistrate judge for all purposes, including jury trial and entry of final judgment. (Vasquez, Lea) (Entered: 02/06/2015) |

| 02/18/2015 | 24 | Request for Certificate of Default by Ali Alkaifi (Attachments: # 1 Affidavit Attorney Affirmation, # 2 Proposed Order Certificate of Default) (Kwasnik, Micah) (Entered: 02/18/2015) |
|---|---|---|
| 02/26/2015 | 25 | NOTICE of Appearance by James F. Horton on behalf of Baronette, Singh, Samuel Smithu, Sudes, The City of New York (aty to be noticed) (Horton, James) (Entered: 02/26/2015) |
| 03/10/2015 | | SCHEDULING ORDER: Due to a conflict in the Court's calendar, the conference scheduled for March 11th will instead be held at 3:00 p.m. on March 19th. Counsel for plaintiff is directed to immediately confirm this new conference date and time with defendants' counsel. So Ordered by Chief Magistrate Judge Steven M. Gold on 3/10/2015. (Vasquez, Lea) (Entered: 03/10/2015) |
| 03/10/2015 | 26 | Request for Certificate of Default by Ali Alkaifi (Kwasnik, Micah) (Entered: 03/10/2015) |
| 03/17/2015 | 27 | Clerk's ENTRY OF DEFAULT It appearing from the docket maintained in this action that Defendant Eric Monk has failed to appear or otherwise defend this action, the default of Defendant Eric Monk is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (Hamilton, Janet) (Entered: 03/17/2015) |
| 03/20/2015 | 28 | Minute Entry for Settlement Conference held on 3/19/2015 before Chief Magistrate Judge Steven M. Gold: Kwasnik for plaintiff, Horton for defendants. Plaintiff will serve defendants with a letter by March 26 detailing the discovery he claims is owed. Defendants will provide discovery responses by April 20. The parties will complete fact discovery by August 15. NEXT CONFERENCE: SEPTEMBER 15, 2015 AT 2:00 PM. The parties shall be prepared (1) to state their respective positions on settlement, with principals WITH FULL SETTLEMENT DECISION-MAKING AUTHORITY (UP TO THE AMOUNT LAST DEMANDED FOR DEFENDANTS, DOWN TO THE AMOUNT LAST OFFERED FOR PLAINTIFFS) PRESENT OR AVAILABLE BY TELEPHONE THROUGHOUT THE CONFERENCE, (2) to schedule disclosure of any anticipated expert reports, (3) to articulate the basis for any anticipated summary judgment motions and to be familiar with any premotion conference procedures required by the district judge presiding over the case, and (4) to state whether they will agree to assignment of this case to a magistrate judge for all purposes, including jury trial and entry of final judgment. Counsel are encouraged to file a written application requesting a settlement conference on an earlier date if they believe it might be productive to do so. (Vasquez, Lea) (Entered: 03/20/2015) |
| 04/09/2015 | 29 | NOTICE of Appearance by Noreen M. Stackhouse on behalf of Baronette, Singh, Samuel Smithu, Sudes, The City of New York (aty to be noticed) (Stackhouse, Noreen) (Entered: 04/09/2015) |

| | | |
|---|---|---|
| 04/20/2015 | 30 | Letter MOTION for Extension of Time to File *or serve plaintiff with defendants' responses to plaintiff's discovery requests* by Baronette, Singh, Samuel Smithu, Sudes, The City of New York. (Stackhouse, Noreen) (Entered: 04/20/2015) |
| 04/21/2015 | | ORDER granting 30 Motion for Extension of Time to File: Defendants' application for additional time to respond to discovery demands is GRANTED over plaintiff's objection because of the relatively brief amount of additional time sought and because no other aspect of the case management schedule is likely to be affected. So Ordered by Chief Magistrate Judge Steven M. Gold on 4/21/2015. (Vasquez, Lea) (Entered: 04/21/2015) |
| 05/14/2015 | 31 | STIPULATION *of Confidentiality and Protective Order* by Baronette, Singh, Samuel Smithu, Sudes, The City of New York (Stackhouse, Noreen) (Entered: 05/14/2015) |
| 05/14/2015 | | STIPULATION AND ORDER re 31 Stipulation filed by The City of New York, Singh, Baronette, Samuel Smithu, Sudes; The Stipulation and Confidentiality Order is approved and hereby entered as an Order of the Court. So Ordered by Chief Magistrate Judge Steven M. Gold on 5/14/2015. (Vasquez, Lea) (Entered: 05/14/2015) |
| 05/26/2015 | 32 | MOTION for Discovery by Ali Alkaifi. (Kwasnik, Micah) (Entered: 05/26/2015) |
| 05/26/2015 | 33 | MOTION to Withdraw 32 Motion for Discovery by Ali Alkaifi. (Kwasnik, Micah) Modified on 5/26/2015 (Vasquez, Lea). (Entered: 05/26/2015) |
| 05/26/2015 | | ORDER withdrawing 32 Motion for Discovery; granting 33 Motion to Withdraw. So Ordered by Chief Magistrate Judge Steven M. Gold on 5/26/2015. (Vasquez, Lea) (Entered: 05/26/2015) |
| 07/29/2015 | 34 | Consent MOTION for Extension of Time to Complete Discovery by Baronette, Singh, Samuel Smithu, Sudes, The City of New York. (Stackhouse, Noreen) (Entered: 07/29/2015) |
| 07/30/2015 | | ORDER granting 34 Motion for Extension of Time to Complete Discovery: Discovery is extended to October 15th. The conference scheduled for September 15th will instead be held at 10:00 a.m. on October 28, 2015. So Ordered by Chief Magistrate Judge Steven M. Gold on 7/30/2015. (Vasquez, Lea) (Entered: 07/30/2015) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/18/2015 13:59:18 | | |
| **PACER Login:** | mk5007:4094352:0 | **Client Code:** | |

| Description: | Docket Report | Search Criteria: | 1:14-cv-02680-RJD-SMG |
|---|---|---|---|
| Billable Pages: | 7 | Cost: | 0.70 |

# EXHIBIT C

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

Ali Alkaifi )
)
)
_____ )
*Plaintiff(s)* )
v. )
)
The City of New York, )
et. al. )
_____ )
*Defendant(s)* )

Civil Action No.   14-cv-2680 RJD-SMG

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Fire Prevention Inspector, Eric Monk

FDNY
9 Metrotech Center
Brooklyn, NY 11201

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**DOUGLAS C. PALMER**
*CLERK OF COURT*

Date:   5/1/2014                                        s/ Kimberly Davis
_____                        _____
                                                                    *Signature of Clerk or Deputy Clerk*

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRCIT

**ALI ALKAIFI**

-against-

**THE CITY OF NEW YORK  et al**

**Affidavit of Service**
**SUBSTITUTE**

---

STATE OF NEW YORK, COUNTY OF NEW YORK: CLAUDE BROWN, being duly sworn, deposes and says that deponent is not party to this action, is over 18 years of age and resides in the State of New York.

That on 5/19/2014 at 11:09 AM at FDNY, 9 METROTECH CTR, , BROOKLYN, NY  11201, your deponent served the SUMMONS AND COMPLAINT bearing Index # 14-CV-2680 RJD-SMG upon FIRE PREVENTION INSPECTOR, ERICK MONK, by delivering a true copy  in a plain envelope marked 'personal and confidential' to a person of suitable age and discretion, to wit:  CHARLES DEPERTRIS, LEGAL CLERK, who verified that the intended recipient actually is employed at this location.

Your deponent describes the person so served to the best of deponent's ability at the time and circumstances of service as follows:

Gender:     Male
Skin Color:    White
Hair Color:    Gray
Approximate Age:     58 - 62
Approximate Height:     5ft 7in - 5ft 11in
Approximate Weight:     155 - 165

That on 5/30/2014, your deponent mailed a true copy of same by First Class Mail properly enclosed and sealed in a postpaid wrapper addressed to the recipient at: FDNY, 9 METROTECH CTR, , BROOKLYN, NY  11201 in an envelope bearing the legend "Personal and Confidential".   Said envelope was deposited in an official depository under exclusive care and custody of the U.S. Postal Service.

That at the time of service as aforesaid, your deponent asked person spoken to whether the intended recipient was currently enrolled in military service or dependent on someone in the military service of the United States of America and received a negative reply.  Upon such information, I aver that the named recipient is not actively enrolled in nor dependent on someone in the military service of the United States of America.

Sworn to before me on 5/30/2014:

DENISE LOWE
Notary Public, State of New York
No. 01LO6168083
Qualified in NEW YORK County
Commission Expires 6/4/2015

CLAUDE BROWN
NYC License # -  0989767

Micah Kwasnik, Esq.
33-39 80th Street #22
JACKSON HEIGHTS,NY 11372
Phone: 917-533-6822
File No. ALKAIFI

RETURN TO: Nationwide Court Services, Inc.
761 Koehler Avenue, Suite A
Ronkonkoma, NY  11779
DCA Lic#: 1037536 Ph: 631-981-4400
(NCS346670)SP 407397

**ALI ALKAIFI**

-against-

**Affidavit of Service
BUSINESS / AGENCY**

**THE CITY OF NEW YORK  et al**

STATE OF NEW YORK, COUNTY OF NEW YORK: CLAUDE BROWN, being duly sworn, deposes and says that deponent is not party to this action, is over 18 years of age and resides in the State of New York.

That on 5/19/2014 at 11:09 AM at FDNY, 9 METROTECH CTR, , BROOKLYN, NY  11201, your deponent served the SUMMONS AND COMPLAINT bearing Index # 14-CV-2680 RJD-SMG upon FIRE PREVENTION INSPECTOR, ERICK MONK, by delivering a true copy to CHARLES DEPERTRIS. Your deponent knew the person so served to be an agent authorized to accept on behalf of the entity to be served.

Your deponent describes the person so served to the best of deponent's ability at the time and circumstances of service as follows:

Gender:     Male
Skin Color:     White
Hair Color:     Gray
Approximate Age:     58 - 62
Approximate Height:     5ft 7in - 5ft 11in
Approximate Weight:     155 - 165

Sworn to before me on 5/19/2014

PATRICK NELSON
Notary Public, State of New York
No. 01NE6256549
Qualified in NEW YORK County
Commission Expires 2/27/2016

CLAUDE BROWN
NYC License # -  0989767

Micah Kwasnik, Esq.
33-39 80th Street #22
JACKSON HEIGHTS,NY 11372
Phone: 917-533-6822
File No. ALKAIFI

# EXHIBIT E

# EXHIBIT F

CV-14-2680 (RJD)

October 7, 2014

Dear Honorable Judge Steven M. Gold,

My name is Eric Monk and im writing this letter in response to
14-cv-2680 Ali Alkatifi v. The city of New York. I am writing this letter to request
more to time due to the fact that I have been unable to obtain an attorney for this
matter. I kindly ask that you would grant me an additional 30 days to obtain legal
representation, as I was unable to obtain representation through the union. I will
also be forwarding this letter to the defendant's attorney Jennifer Lily Conduro so
they will also be aware of my request.

Sincerely,

Eric Monk

Application GRANTED

SO ORDERED,

Dated Brooklyn, NEW YORK

10 / 14 / 14

/s/ MJ Gold

STEVEN M. GOLD
United States Magistrate Judge

FILED
CLERK

2014 OCT -9  PM 12:06

U.S. DISTRICT COURT
EASTERN DISTRICT
NEW YORK

225 Cadman Plaza East
Brooklyn NY 11201
Steven M. Gold

175 Ocean Pkwy
Brooklyn NY 11218 19445

# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALI ALKAIFI,

                         Plaintiff,

  -against-

THE CITY OF NEW YORK,
and
New York City Police Department employees:
POLICE OFFICER SAMUEL SMITHU and
SEVERAL UNKNOWN JOHN DOES and/or JANE
DOES Nos.1, 2, 3 etc....(whose identities are
unknown but who are know to be police officers and
employees of the CITY OF NEW YORK),
and
New York City Police Department employees: Sgt.,
Baronette, Sgt./Lt. Singh, Sgt. Sudes and RICHARD
ROE and /or JANE ROE Nos.1, 2, 3 etc....(whose
identities are unknown but who are know to be
Supervisory police officers and employees for the
CITY OF NEWYORK),
and
New York City Fire Department employee: FIRE
PREVENTION INSPECTOR ERIC MONK (an
employee of the New York City Fire Department and
employee for the CITY OF NEWYORK),
and
New York City Fire Department employees: JOHN
JONES and/or JANE JONES Nos.1, 2, 3
etc....(whose identities are unknown but who are
know to be supervisory personnel of the New York
City Fire Department and employees for the CITY
OF NEWYORK),
and
All of the above named individual defendants are
being sued both individually and in their official
capacities.

                         Defendants.
------------------------------------------------------------X

**CERTIFICATE OF
DEFAULT**

**CASE NO.: 14 CV 2680
(RJD)(SMG)**

FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ MAR 1 7 2015 ★
BROOKLYN OFFICE

    I, Douglas C. Palmer, Clerk of the Court of the United States for the Eastern

District of New York, do hereby certify that the defendant ERIC MONK has not filed an

answer or otherwise moved with respect to the Complaint herein.  The default of

defendant ERIC MONK is hereby noted pursuant to Rule 55(a) of the Federal Rules of

Civil Procedure.

DATED:   *Brooklyn*          , New York

            *March 17*        , 2015


DOUGLAS C. PALMER, Clerk of the Court


BY: *Janet Hamilton*
       DEPUTY CLERK