UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK  14-cv-02680(RJD)(SMG))

ALI ALKAIFI,

                                          PLAINTIFF,

          -against-

CITY OF NEW YORK et. al.

                                          DEFENDANTS.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MONK'S PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

*Duly Submitted by:*
**SPECIAL HAGAN, ESQ.**
**ATTORNEY FOR DEFENDANT ERIC MONK**
196-04 Hollis Avenue
Saint Albans, New York 11412
(917) 337-2439 (Telephone)
special@haganlawoffices.net

To: ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
Of Counsel:  **Noreen M. Stackhouse**
(212) 356-2375 (Telephone)
nstackho@law.nyc.gov

To: **MICAH A. KWASNIK**
Attorney for Plaintiff,
Ali Alkaifi
33-39 80th Street, 22#
Jackson Heights, New York 11372
(917) 533-6822
micahkwasnik@yahoo.com

## TABLE OF CONTENTS

|  | Page |
|---|---:|
| **TABLE OF AUTHORITIES** |  |
| **I) PRELIMINARY STATEMENT** | 6-7 |
| **II) STATEMENT OF FACTS** | 7-8 |
| **III) RULE 12(b)(6) STANDARD FOR DISMISSAL** | 8-9 |
| **IV) ARGUMENT** | 9-15 |
| **V) CONCLUSION** | 15-16 |

# TABLE OF AUTHORITIES

|  | **Pages** |
|---|---|
| **Cases** | |
| *Alfaro Motors Inc. v. Ward*, 814 F.2d 883 (2d Cir. 1987) | 8 |
| *Alvarez v. City of New York*, No. 11-Civ-5464, WL 1499161, (S.D.N.Y. March 30, 2015) | 12 |
| *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) | passim |
| *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) | passim |
| *Brooks v. County of Nassau*, 54 F.Supp. 3d 254 (E.D.N.Y. 2014) | 11, 12 |
| *California v. Hodari*, 111 S.Ct. 1547 (1991) | 13 |
| *Curley v. Vill. Of Suffern*, 268 Fed. 65 (2d Cir. 2001) | 12 |
| *Davila v. Johnson*, No. 15-CV-2665, 2015 U.S. Dist. LEXIS 167809 (S.D.N.Y. Dec. 15, 2015) | 9 |
| *Felmene v. City of New York*, No. 09-CV-3768 (CBA)(JO), 2011 WL 4543268 (E.D.N.Y. Sept. 29, 2011) | 14 |
| *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed. 2d 443 (1989) | 13 |
| *Hartline v. Gallo*, 546 F.3d 95 (2d Cir. 2008) | 14 |
| *Humbach v. Canon*, No. 13-CV-2512 (NSR), 2014 WL 6057703 (S.D.N.Y. Nov. 12, 2014) | 9 |
| *Jocks v. Tavernier*, 316 F.3d 128 (2d Cir. 2003) | 10 |

| | |
|---|---|
| *Kiinzer v. Jackson,*<br>316 F.3d 139 (2d Cir. 2003) | 14 |
| *Lamont v. City of New York,*<br>No. 12-CV-2478 (WFK), 2014 WL 4829328 (E.D.N.Y. Sept. 29, 2014) | 10, 11 |
| *Liang v. City of New York,*<br>No. 10-CV-3089 (ENV)(VVP), 2013 WL 5366394 (E.D.N.Y. Sept. 24, 2013) | 12 |
| *Omar v. City of New York,*<br>No. 13 Civ. 8264 (NRB), 2015 WL 178774 (S.D.N.Y. Jan. 5, 2015) | 9 |
| *Pangburn v. Culbertson,*<br>200 F.3d 65 (2d Cir. 1999) | 11 |
| *Pollock v. Nash,*<br>58 F.Supp. 2d 294 (S.D.N.Y. 1999) | 12 |
| *Roe v. City of Waterbury,*<br>542 F.3d 31 (2d Cir. 2008) | 9 |
| *Rohman v. New York City Transit Auth.,*<br>215 F.3d 208 (2d Cir. 2000) | 14 |
| *Rutigliano v. City of New York,*<br>326 Fed. Appx. (2d Cir. 2009) | 14 |
| *Salahuddin v. Cuomo,*<br>861 F.2d 40 (2d Cir. 1988) | 12 |
| *Shomo v. City of New York,*<br>579 F.3d 176 (2d Cir. 2009) | 9, 11 |
| *White v. Plains Towing Corp. v. Patterson,*<br>591 F2d 1049 (2d Cir. 1993) | 12 |
| **Statutes & Rules** | |
| Civil Rights Act of 1871 | 6 |

| | |
|---|---|
| 42 U.S.C. § 1983 | passim |
| 42 U.S.C. § 1985 | 6, 14 |
| 42 U.S.C. § 1988 | 6 |
| First Amendment | passim |
| Fourth Amendment | 6, 10 |
| Fourteenth Amendment | passim |
| Article I of the New York State Constitution | 6 |
| N.Y.P.L. § 195.05 | 8 |
| N.Y.P.L. § 120.15 | 8 |
| N.Y.P.L. § 240.26(1) | 8 |
| Fed. R.Civ. P. 12(b)(6) | passim |

## I. PRELIMINARY STATEMENT

Plaintiff Ali Alkaifi ("Plaintiff") brings this cause of action seeking relief for alleged violations of his rights under the Civil Rights Act of 1871; 42 U.S.C. §§ 1983, 1985 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff also seeks relief under the state law for alleged violations of his rights secured under Article I, Sections 6, 8, 11 and 12 of the New York State Constitution.

Plaintiff has alleged, that on or about July 8, 2013, the following defendants collectively violated his rights under the aforementioned statutes and laws: the City of New York ("City"); New York Police Department ("NYPD") employees Police Officer Samuel Smithu ("Smithu"), John Doe and Jane Doe; NYPD employees Sgt. Trevor Baronette ("Baronette"), Lt. Singh ("Singh"), Sgt. Ramjattan Sudes ("Sudes"), Lt. Kahn ("Kahn"), Richard Roe and Jane Roe; New York Fire Department ("FDNY") Employee, Eric Monk ("Monk"); and FDNY employees Chief Inspector David Franco ("Franco"), John Jones and Jane Jones.

In response to these allegations, Defendant Monk respectfully moves for partial dismissal of Plaintiff's Second Amended Complaint ("Amended Complaint" or "Comp.") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds: (1) Plaintiff's 1983 causes of action should be dismissed because he has failed to plead facts that establish Defendant Monk's personal involvement in the Constitutional violations alleged; (2) Plaintiff's 1985(3) conspiracy should be dismissed based on the intra-corporate conspiracy doctrine; and (3) should the Court see fit to dismiss all of the federal claims against Defendant Monk, Defendant Monk respectfully requests that the

Court decline to exercise its supplemental jurisdiction, and that it also dismiss all of Plaintiff's pendent state law claims accordingly.

## II. STATEMENT OF FACTS

Plaintiff Ali Alkaifi, filed the original complaint in this action on or about April 29, 2014. (ECF Dckt. 1). On or about November 30, 2015, Plaintiff filed his First Amended Complaint (ECF Dckt. 43). Subsequently, on or about January 29, 2016, Plaintiff filed a Second Amended Complaint ("Complaint") (ECF Dckt. 43).

Plaintiff's Second Amended Complaint alleges that on or about July 8, 2013 "Fire Prevention Inspector"[1] Eric Monk entered the convenience mart located at 292 Nostrand Avenue. (Comp. ¶ 31). At the time relevant to the matter herein, Plaintiff alleges that he was a store employee and that "he worked the cash register." (Comp. ¶ 41). Plaintiff alleges that Defendant Monk identified himself and notified Plaintiff that he was on the premises for purposes of conducting an inspection of the fire suppression system. (Comp. ¶ 34). The Complaint then alleges that Plaintiff asked Defendant to step away from the grill and that an altercation ensued. (Comp. ¶¶ 43-61).

The Complaint alleges that at some point an NYPD vehicle patrol arrived at the scene and intervened. (Comp. ¶ 64). Plaintiff also alleges that he left the scene in an ambulance and that he was not under arrest. (Comp. ¶ 83). However, prior to leaving the scene, Plaintiff alleges that he attempted to file charges and or a complaint against Defendant Monk to no avail. (Comp. ¶¶ 65-70). The Complaint then alleges that Plaintiff was arrested hours after the attack by PO Samuel Smithu, on the following

---

[1] It should be noted that Defendant Monk's civil service at the time relevant was "Fire Protection Inspector."

charges: one count of obstructing governmental administration (PL 195.05); menacing (PL 120.15); and harassment (PL 240.26(1)). (Comp. ¶¶ 87-89). On September 25, 2013, the people moved to dismiss and seal the charges filed against Plaintiff.

### III. RULE 12(b)(6) STANDARD FOR DISMISSAL

Defendant Monk moves to dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a 12(b)(6) motion to dismiss, a complaint must be plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has 'facial plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the alleged misconduct." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In deciding whether a complaint meets the plausibility threshold, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the Plaintiff's favor. Iqbal, 129 S.Ct. 1937, 1949-50, 173 L.Ed 2d 868 (2009).

Although, Courts are required to construe all material facts as true for purposes of a 12(b)(6) motion, it has also been clearly established that legal conclusions disguised as facts are not entitled to the assumption of truth. Iqbal, 556 U.S. at 678. Accordingly, the courts have consistently ruled, that threadbare recitations of the elements of a cause of action supported by mere conclusory statements are inadequate to survive a 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 678. Instead, the factual allegations must show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions;" a complaint must contain facts beyond the formulaic recitation of the elements of a cause

of action. Twombly, 550 U.S., at 555. To survive a 12(b)6 motion to dismiss, a plaintiff must plead sufficient factual allegations, which nudge his claim "across the line from conceivable to plausible." Id. at 570.

## IV. ARGUMENT

### POINT I
### PLAINTIFF'S 1983 CLAIMS AGAINST MONK SHOULD BE DISMISSED

1. **Plaintiff Has Failed to Plead Facts to Establish Defendant Monk's Personal Involvement and Individual Liability Under § 1983**

Section 1983 provides redress for damages "against any person who, acting under color of state law deprives another of a right, privilege or immunity secured by the Constitution or laws of the United States." See 42 U.S.C. § 1983. "To prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Omar v. City of New York, No. 13 Civ. 8264 (NRB), 2015 WL 178774, at *5 (S.D.N.Y. Jan. 5, 2015); citing Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008), cert. denied 558 U.S. 933, 130 S. Ct. 95, 175 L.Ed 2d 234 (2009). Precedent is clear, that personal involvement is a "prerequisite to an award of damages under § 1983." Humbach v. Canon, No. 13-CV-2512(NSR), 2014 WL 6057703, at * 3 (S.D.N.Y. Nov. 12, 2014), citing Iqbal, 556 U.S. at 676; see also Shomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009); See, e.g. Davila v. Johnson, No-15-CV-2665, 2015 U.S. Dist. LEXIS 167809, at * 10 (S.D.N.Y. Dec. 15, 2015) (dismissing Section 1983 claim for violation of speedy trial rights where Petitioner did

not allege that any of the remaining Respondents were personally involved in the violation of his speedy trial rights); See also Alfaro Motors Inc v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (finding a complaint to be facially defective when the plaintiff failed to allege that defendants were directly and personally responsible for the purported unlawful conduct.").

Plaintiff's Second Amended Complaint contains six claims against Defendant Monk in his individual and official capacities under § 1983: (1) false arrest and imprisonment; (2) conspiracy; (3) denial of Plaintiff's right to petition; (4) retaliation and deprivation of free speech under the First Amendment and 1983; (5) unreasonable and excessive force; and (6) denial of due process and fair trial[2]. Defendant Monk argues that Plaintiff's Second Amended Complaint is devoid of any allegations beyond conclusory and speculative statements that show his personal involvement in the abovementioned unconstitutional conduct, as such, Defendant Monk respectfully requests that Plaintiff's claims under § 1983 should be dismissed in their entirety and without prejudice.

2. **Plaintiff's State Law and § 1983 Claims of False Arrest and False Imprisonment Against Defendant Monk Should be Dismissed**

A § 1983 claim for false arrest sounding in the Fourth Amendment is substantially the same as a claim for false arrest under New York Law. Lamont v. City of New York, No. 12-CV-2478 (WFK), 2014 WL 4829328, at * 4 (E.D.N.Y. Sept. 29, 2014); citing Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (citation omitted). To state a § 1983 claim for false arrest, a Plaintiff must establish that: (1) the Defendant intentionally confined

---

[2] Defendant Monk has combined the state law claims of assault and battery and false imprisonment and false arrest with the Defendant's arguments against the 1983 causes of action because precedent has found the analysis to be identical. Similarly, Plaintiff's First Amendment Retaliation and Right to Petition claims have been combined.

10

him; (2) Plaintiff was conscious of the confinement; (3) Plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Lamont, 2014 WL 4829328, at *4 (citation omitted). Additionally, to meet the initial pleading standards, a complaint must contain individualized pleadings that establish the Defendant's actual involvement. Iqbal 556, U.S. at 676, see also Shomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009) (personal involvement of Defendant in the alleged Constitutional deprivation is a prerequisite to an award of damages under § 1983).

In the matter herein, the pleadings do not support an inference that Monk had direct personal involvement in the decision to arrest him. On multiple occasions, Plaintiff stated that he was not arrested at the scene (i.e. 292 Nostrand Avenue) or in effect in the presence of Defendant Monk. The Second Amended Complaint specifically states that: "[h]ours after the attack, while plaintiff was being treated at Brooklyn Hospital, Defendant PO Samuel Smithu appeared and arrested plaintiff." (Comp. ¶ 87). Accordingly, Plaintiff's factual allegations do not meet the pleading standard for the "intent to confine" element specifically as they pertain to Defendant Monk. As such, that claim against Defendant Monk should be dismissed.

### 3. Plaintiff's Conspiracy Claims Under § 1983 Must Be Dismissed

A Plaintiff must plead the following to state a § 1983 conspiracy claim: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Brooks v. County of Nassau,,54 F.Supp. 3d 254, 258 (E.D.N.Y. 2014) (citing Pangburn v. Culbertson, 200 F. 3d 65, 72 (2d Cir. 1999)).

Plaintiff's conspiracy claims under § 1983 are deficient in that he has failed to plead facts to establish the requisite intent. Beyond mere conjecture, Plaintiff's Second Amended Complaint is devoid of any factual content that would evidence that there was a "meeting of the minds" among or between Monk and the other named Defendants to violate Plaintiff's civil rights. Brooks v. Country of Nassau, 54 F. Supp. 3d 254; see also Liang v. City of New York, No. 10-CV-3089 (ENV)(VVP), 2013 WL 5366394, at *15 (E.D.N.Y. Sept. 24, 2013). Paragraphs 76-85 of Plaintiff's Second Amended Complaint, contain nothing more than conclusory and speculative assertions deficient in evidence or fact. As such, consistent with precedent in this circuit, Plaintiff's conspiracy claims under § 1983 or § 1985(3) should be dismissed. See Pollack v. Nash, 58 F.Supp. 2d 294, 299 (S.D.N.Y. 1999) (citing Salahuddin v. Cuomo, 861 F.2d 40, 43 (2d Cir. 1988).

4. **Plaintiff's First Amendment Retaliation & Right to Petition Claims Should be Dismissed**

The Second Circuit has generally subjected the right to petition to the same constitutional analysis as the right to free speech. White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1059 (2d Cir. 1993). As such, in order to establish a First Amendment retaliation claim, a plaintiff must prove: (1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of Plaintiff's First Amendment right." Curley v. Vill. Of Suffern. 268 Fed. 65, 73 (2d Cir. 2001).

Pressing criminal charges has fallen under the purview of a right to petition claim, however, Plaintiff has failed to plead facts sufficient to establish how Defendant Monk interfered with his right to petition or his right to free speech under the First Amendment.

Plaintiff has failed to show how Defendant Monk's actions were motivated or substantially caused by the exercise of Plaintiff's right. He has also failed to plead facts beyond conclusory and speculative statements as to how Defendant Monk acted in any way to interfere with his right to file a criminal complaint. As such, Plaintiff's right to petition and First Amendment retaliation claims should also be dismissed.

**5. Plaintiff's Unreasonable and Excessive Force and State Law Assault and Battery Claims Should be Dismissed**

The test for whether a Plaintiff can maintain a state law assault and battery cause of action against a law enforcement official is identical to the test used to analyze a Fourth Amendment excessive force claim. Alvarez v. City of New York, No. 11 CIV5464, WL 1499161, at * 10 (S.D.N.Y. March 30, 2015). As such, Plaintiff's claims of excessive force, assault and battery should be dismissed because he fails to plead facts that establish that Defendant Monk allegedly used excessive force during the course of an arrest, investigatory stop or seizure. Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed 2d 443 (1989). Beyond conclusory statements, at the minimum, Plaintiff fails to plead facts to establish that Defendant Monk engaged in any conduct that would constitute a "seizure." According to precedent, a seizure only occurs when an individual is subject to physical force or a show of authority and that person yields to such force and authority. California v. Hodari, 111 S.Ct. 1547, 1551 (1991). Again since Plaintiff was arrested by PO Smithu at Brooklyn Hospital hours after he left 292 Nostrand, it is impossible that Defendant Monk engaged in the use of excessive force as it is defined under § 1983.

**6. Plaintiff's Claims of Denial of Due Process and Fair Trial Against Defendant Monk Should be Dismissed**

Plaintiff's complaint has failed to plausibly plead this claim as required by Bell Atlantic Corp v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1671 L.Ed2d 929 (2007). Paragraphs 166 through 171 of Plaintiff's Second Amended Complaint, contain vague and collective allegations about Defendants' alleged misconduct. Again, Plaintiff's complaint is devoid of any factual allegations that would show Defendant Monk's participation in Plaintiff's alleged denial of due process and a fair trial. Accordingly, Plaintiff's claims of a denial of due process and fair trial should be dismissed against Defendant Monk. See Betts v. Sherman, 751 F.3d 78, 84 (2d Cir. 2014).

**POINT II**
**PLAINTIFF'S CONSPIRACY CLAIMS UNDER § 1985(3) SHOULD BE DISMISSED UNDER THE INTRA-CORPORATE CONSPIRACY DOCTRINE**

Plaintiff's claims under 1985(3) should fail because of the intra-corporate conspiracy doctrine. The listed Defendants in Plaintiff's Amended Complaint are all employees of the City of New York. Again precedent is clear that "officers, agents, and employees of a single corporate entity are legally incapable of conspiring together." Hartline v. Gallo, 546 F.3d 95, 99 n.3 (2d Cir. 2008).

**POINT III**
**PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED**

**1. Plaintiff's Malicious Prosecution Claims Against Defendant Monk Should be Dismissed**

The elements of a malicious prosecution under New York Law are: "(1) initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the

proceeding; and (4) actual malice as a motivation for defendant's actions." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). In addition, "[t]o sustain a § 1983 malicious prosecution claim, the state law elements must be met, and there must also be a showing of a 'sufficient post-arraignment liberty restraint to implicate plaintiff's Fourth Amendment rights.'" Rutigliano v. City of New York, 326 Fed. Appx. 5, *8-9 (2d Cir. 2009) (citing Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000)). Furthermore, Plaintiff may not satisfy his burden with mere conjecture, Felmene v. City of New York, No. 09-CV-3768(CBA)(JO), 2011 WL 4543268, at * 12 (E.D.N.Y. Sept. 29, 2011) (citation omitted).

Plaintiff's malicious prosecution claim under Section 1983 should fail as a matter of law because he has failed to plead facts that would establish that there was a lack of probable cause for the criminal charge. The Amended Complaint cites the existence of a video tape and the dismissal of the charges against Plaintiff. However, Plaintiff also clearly states that despite PO Smith's viewing of the videotape, he was still arrested for the aforementioned charges. Additionally, Plaintiff's single court appearance where the District Attorney declined to prosecute is not enough to establish a sufficient deprivation of post-arraignment liberty. Accordingly, Plaintiff's claim for malicious prosecution should also be dismissed

## V. CONCLUSION

For the foregoing reasons, Defendant Eric Monk respectfully request that the Court dismiss claims against Defendant Monk in his individual and official capacities in their

entirety with prejudice, together with such other and further relief as this Court may deem just and proper.

Dated: Queens, New York
February 21, 2016

/s/
_____
Special Hagan, Esq.
Attorney for Eric L. Monk
Law Offices of Special Hagan
196-04 Hollis Avenue
Saint Albans, New York 11412
(917) 337-2439
special@haganlawoffices.net


TO: VIA First Class Mail and ECF
Noreen M. Stackhouse
Attorney for Defendants: City of New York;
Sgt. Sudes; P.O. Smithu; Sgt. Baronette;
Sgt. L.t. Singh; John and Jane Does Nos. 1,2, 3 etc;
Richard and/or Jane Roe Nos. 1, 2, 3 etc; John and Jane
Jones Nos. 1, 2, 3 etc.; Lt. Kahn; and David Franco, Deputy
Chief Inspector
100 Church Street
New York, NY 10007
(212) 356-2375
Fax: 212-788-9776
nstackho@law.nyc.gov


TO: VIA First Class Mail and ECF
Micah A. Kwasnik
33-39 80th Street #22
Jackson Heights, New York 11372
(917) 533-6822
Fax: 347-738-5502
micahkwasnik@yahoo.com